**In the Matter of Thomas W. FOX.**

**No. 10S00–8607–DI–697.**

Supreme Court of Indiana.

March 29, 1989.

Thomas W. Fox, pro se.

Sheldon A. Breskow, Executive Secretary, Indiana Supreme Court, Disciplinary Com'n, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

This Disciplinary Action is before the Court on the Hearing Officer's findings of fact and conclusions of law. The cause was initiated by the filing of a one count verified complaint charging the Respondent, Thomas W. Fox, with engaging in conduct violating the *Code of Professional Responsibility.* Neither the Respondent nor the Disciplinary Commission has petitioned the Court for review of the Hearing Officer's report.

Upon review of the Hearing Officer's findings and the matters presented in this case, we now find that the Respondent is an attorney admitted to the Bar of this state subject to the professional discipline of this Court. He was employed by Mary M. Waggoner, an Illinois resident, to protect her interests in the closing of her husband's estate. In January 1985, Waggoner executed a Power of Attorney authorizing the Respondent to close a joint savings account in Indiana. The Respondent was then to distribute one-half of the proceeds of the account to Waggoner.

On January 22, 1985, Respondent closed this account and was entrusted with the amount of four thousand seven hundred twenty-nine and $^{79}/_{100}$ Dollars ($4,729.79). This amount was deposited in Respondent's Attorney Trust Account in a bank in Jeffersonville, Indiana. On March 31, 1985, Respondent mailed a letter to Waggoner informing her that Respondent had her funds in his possession and was charging her $3,015.02 as additional attorney fees and that she needed to promptly deliver certain personal property to her late husband's son. Neither Waggoner nor anyone acting in her behalf received this letter. Respondent, thereafter, did not make any further attempt to obtain authority to use Waggoner's funds for payment of his attorney fee or to inquire as to what should be done with the remaining portion of her funds.

In December 1985 and in January, February, March, July, and August 1986, the amount of money in Respondent's Attorney Trust Account fell below the amount owed to Waggoner, whether or not the attorney fee was deducted from the amount initially received. During the period of time that Respondent held Waggoner's funds in his Attorney Trust Account, the Respondent wrote numerous checks to other clients,

several businesses on behalf of clients and to himself. The Respondent paid himself out of the funds of Waggoner without her knowledge or consent. He never had been given permission to use Waggoner funds for any purpose other than to distribute these funds to Waggoner. The Attorney Trust Account was an interest bearing account, but he did not allocate any interest to Waggoner.

The findings of the Hearing Officer and the matters now before this Court further indicate that at all times the Respondent maintained the funds of Waggoner (minus his attorney fees) in another account he had for clients. However, there were no accounting procedures which would safe guard these funds and this money could be traced only through the testimony of the Respondent.

On several occasions, Waggoner requested the Respondent to distribute to her the funds withdrawn from the joint account. Respondent never complied with these requests, never referred to his letter of March 31, 1985, nor in any way explained the situation to Waggoner. Waggoner employed counsel in Illinois in an effort to obtain the money withheld by Respondent. They were unsuccessful; on January 13, 1987, the Respondent, in no uncertain terms, informed the Illinois counsel that, by reason of pending matters in the estate, Respondent was then of the opinion that Mrs. Waggoner was not entitled to receive this money.

This case presents a pattern of neglect, but not dishonesty. Respondent obtained funds belonging to a client, but failed to obtain a clear understanding and agreement as to the use of these funds for fees. It is further apparent that the Respondent failed to communicate with his client with regard to pending litigation, failed to respond to reasonable inquiries from his client as to the status of the case, failed to maintain an identifiable client's account, and failed to provide appropriate accountings when asked. Even though these acts did not involve dishonesty, Respondent's conduct did violate disciplinary standards.

As did the Hearing Officer, by reason of the above noted findings of fact, this Court must now conclude that the Respondent violated Disciplinary Rules 1–102(A)(5) and (6) of the *Code of Professional Responsibility* by engaging in conduct that is prejudicial to the administration of justice and conduct that adversely reflects on his fitness to practice law; violated Disciplinary Rules 7–101(A)(2) and (3) of the *Code* by failing to carry out a contract of employment entered into with a client for professional services and conduct that prejudiced or damaged his client during the course of the professional representation; and violated Disciplinary Rule 9–102(B)(3) of the *Code* by failing to maintain complete records of all funds of a client coming into the possession of a lawyer and failing to render an appropriate accounting concerning such funds.

It is now the duty of this Court to assess an appropriate disciplinary sanction under the circumstances presented in this case. As noted above, this is not a case of dishonesty or theft of a client's funds; the misconduct in this case centers on the Respondent's gross failure to timely manage the affairs of his client aggravated by an inexplicable absence of communication. Conduct of this nature does not serve the interests of the profession and justly deserves criticism from individuals not familiar with the legal process. With this in mind, this court finds that a period of suspension is warranted as a measure of the level of the misconduct.

It is therefore ordered that, by reason of the misconduct found under the complaint filed in this cause, the Respondent is suspended from the practice of law in the State of Indiana for a period of one year, beginning May 1, 1989.

SHEPARD, C.J., dissents from the sanction imposed and would assess a period of suspension of thirty days.

DeBRULER, J., dissents from the sanction imposed and would assess a Public Reprimand.