**In the Matter of Thomas W. FOX.**

**No. 10S00–8804–DI–417.**

Supreme Court of Indiana.

Dec. 28, 1989.

No appearance entered, for respondent.

Martin E. Risacher, Indianapolis, for The Indiana Supreme Court Disciplinary Com'n.

## PER CURIAM

The Respondent, Thomas W. Fox, was charged in a two count complaint for disciplinary action alleging conduct that violates the *Code of Professional Responsibility* and *Rules of Professional Conduct for Attorneys at Law.* The Hearing Officer appointed pursuant to Admission and Discipline Rule 23, after a hearing on a Motion For Suspension Pending Prosecution and a final hearing on the merits, has submitted his Findings of Fact and Conclusions of Law. At this time, we find that the issue of temporary suspension is moot in that the Respondent was suspended from the practice of law for a period of one year, effective May 1, 1989, as a result of a previous disciplinary action. *In re Fox* (1989), Ind., 535 N.E.2d 1184.

Although duly notified, the Respondent has made no appearance in this case, and neither party has petitioned for review of the Hearing Officer's report. When unchallenged, the Hearing Officer's findings will be accepted, but this Court reserves the right to evaluate such findings and reach its own conclusion as to misconduct. There being no objections in this case to the Hearing Officer's report, we now accept and accept said findings as our own.

Accordingly, we find, relative to Count I, that on April 11, 1986, Betty A. Beck visited the Respondent's office and retained him to represent her in a dissolution proceeding filed by her husband, Victor Beck. At that time, she paid Respondent $395 as a fee for representation in the dissolution and for preparation of a will.

Thereafter, Mrs. Beck made several telephone calls and visits to Respondent's office to inquire about progress in the dissolution proceeding. The Respondent advised her that there was delay in scheduling a hearing due to court congestion. On December 12, 1986, Mrs. Beck again visited Respondent's office whereupon the Respondent advised her that she was already divorced and had been since June 12, 1986. He further advised her that he had just recently heard about the final decree.

When Mrs. Beck sought to obtain copies of her divorce from the court file, she discovered that the Respondent had neither entered his appearance nor filed any pleadings in the dissolution case. The dissolution hearing had been held on June 12, 1986, with neither the Respondent nor Mrs. Beck present. The decree made no provision for division of property. A telephone memo contained in the file, dated July 22, 1986, from the Respondent to the judge, indicated that the Respondent knew of the dissolution in July of 1986. Mrs. Beck has since attempted, through new counsel, to re-open the case and litigate the property issue, but the court has entered final order denying her request.

We conclude, from the foregoing findings, that the Respondent neglected a legal matter entrusted to him, failed to seek the lawful objectives of his client, failed to carry out a contract of employment, prejudiced and damaged his client, engaged in conduct involving dishonesty, deceit and misrepresentation, and engaged in conduct prejudicial to the administration of justice and conduct which adversely reflects on his fitness to practice law, all in violation of Disciplinary Rules 6–101(A)(3), 7–101(A)(1), (2) and (3), 1–102(A)(1), (4), (5) and (6), respectively, of the *Code of Professional Responsibility for Attorneys at Law.*

■ As to Count II, we find that on April 10, 1986, Mary Earl retained the Respondent to represent the estate of Earl's mother, Ruth Ross. Earl paid the Respondent $500 for his services. The will was probated and decedent's personal property was sold. In March of 1987, Earl received, as Executrix, a check for $26,450 representing the proceeds of the sale of certain real estate. The Respondent instructed Earl to endorse the check over to him and advised her that he would act as escrow agent and would open an escrow account at a local bank. The Respondent failed to do so and, instead, deposited the entire amount into his interest bearing trust account.

Thereafter, Earl made numerous inquiries of Respondent as to a date when the estate would be closed. On June 30, Earl personally visited Respondent's office inquiring about the estate. On July 13, 1987, the Respondent disbursed $10,000 to Earl and $10,000 to Earl's brother. However, the Respondent never closed the estate, never disbursed the remaining $6,450 and has not contacted Earl.

Because of the dates when these acts occurred, the charges under Count II are couched in terms of both, the *Code of Professional Responsibility* and the *Rules of Professional Conduct,* which *Rules* superseded the *Code* effective January 1, 1987. We, thus, conclude that the Respondent neglected a legal matter entrusted to him, failed to act with diligence and promptness, failed to promptly comply with reasonable requests from his client for information, failed to promptly deliver funds to which others are entitled, engaged in conduct that involves dishonesty, fraud, deceit and misrepresentation, conduct that is prejudicial to the administration of justice and conduct which adversely reflects on his fitness to practice law, all in violation of Disciplinary Rules 6–101(A)(3), 9–102(B)(4), 1–102(A)(1), (4), (5) and (6) of the *Code* and Rules 1.3, 1.4(a), 1.15(b), 8.4(a), (c) and (d) of the *Rules of Professional Conduct.*

■ Having concluded that the Respondent engaged in misconduct, we must now determine an appropriate disciplinary sanction. In doing so, we are mindful that this is the second time this court must discipline the Respondent for his callous neglect of clients' interests. Furthermore, in this case, there are additional, more grievous elements. The Respondent failed to distribute funds, lied to his clients, and prejudiced and damaged his clients without any effort to answer for his acts. We would be remiss in our responsibility to the public, the Bar and the judicial system were we to allow this Respondent to continue in this course of action. Upon an evaluation of the nature of the violations, the specific acts of the Respondent, the impact on the public and this Court's responsibility to preserve the integrity of the Bar, we conclude that the appropriate sanction under our findings in this case is a suspension from

the practice of law for a period of not less than three (3) years.

It is, therefore, ordered that the Respondent, Thomas W. Fox, is hereby suspended from the practice of law for a period of not less than three (3) years, effective immediately.

Costs of this proceeding are assessed against the Respondent.