In the Matter of Paul J. VOGLER.

No. 51S00–8804–DI–419.

Supreme Court of Indiana.

March 6, 1992.

John D. Clouse, Evansville, for respondent.

David F. Hurley, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

### PER CURIAM.

The Respondent, Paul J. Vogler, is charged in a single count complaint with violating Disciplinary Rule 1–102(A)(3) of the *Code of Professional Responsibility* and Rules 8.4(b) and (c) of the superseding *Rules of Professional Conduct.* The charge emanates from Respondent's alleged forging of two signatures on a document for the lease of office space used by him.

■ The Hearing Officer, who was appointed by this Court pursuant to Admission and Discipline Rule 23, Section 11(b), held a hearing and now tenders to this Court his findings of fact, conclusions and recommendation. Neither party has petitioned for review, and the case is now before us for final judgment. This process involves a *de novo* review of all matters tendered before us. However, when the Hearing Officer's findings are unchallenged, as in this case, they are accepted and approved, but this Court reserves the right to evaluate such findings and render a final determination as to misconduct. *In re Huebner* (1990), Ind., 561 N.E.2d 492; *In re Fox* (1989), Ind., 547 N.E.2d 850.

Accepting the Hearing Officer's report, we find that from October 10, 1973, until April 19, 1990, the date of the disciplinary hearing, the Respondent had his legal office in the same space in the Sherflick Building, Shoals, Indiana.

Initially, he occupied the space on a month to month lease with the building owners at the rate of $75.00 per month. This lasted until May 15, 1974, when the building was sold to the Town of Shoals. From May 15, 1974, until January 1, 1981, the entire building was leased by the Town of Shoals to the Martin County Council on Aging (MCCA) under a lease which was to expire May 31, 1984, and which could be renewed for ten years. The Respondent continued to occupy the same office under a month to month sub-lease with MCCA for $75.00 per month.

On January 1, 1981, MCCA and the Town of Shoals entered into a new ten (10) year lease. This lease excluded the north twenty feet of the building, which was the area occupied by Respondent's law office, and provided that the prior oral lease between Vogler and the predecessor in interest shall continue through the period of that lease.

On May 4, 1983, MCCA and the Town of Shoals entered into a twenty-five (25) year lease which, as the one it replaced, excluded the space occupied by the Respondent and provided that Respondent's prior oral lease shall continue throughout the period of this lease at $75.00 per month, with rent renegotiation in January, 1990. The Hearing Officer found that at some point the Town Board approved an agreement to lease the north twenty feet of the building to the Respondent but the two parties did not have a written lease agreement.

The Respondent served as town attorney for the Town of Shoals from January 1, 1977, to December 31, 1984, and again from January 1, 1989, until the date of this disciplinary hearing, April 19, 1990. In 1985 the membership of the Town Board of Shoals (hereinafter "Board") changed, and a new town attorney was named. On January 2, 1985, the Board moved to increase Respondent's rent to $150.00 per month. A controversy ensued, and a suit for ejectment was filed. In response, the Respondent presented a written lease, dated January 1, 1981, between himself and the Board purportedly having been duly signed and executed by the Board. Said lease was prepared by the Respondent but was never executed by the Board. The Respondent himself affixed the signatures of two members of the Board without their authority.

On December 2, 1987, the Respondent was indicted for Forgery, a Class C felony. He was found not guilty by a jury.

■ The complaint against Respondent is couched in terms of both, the *Code of Professional Responsibility* which was in effect until December 31, 1986, and the *Rules of Professional Conduct* which su-

perseded the *Code* effective January 1, 1987. This placed the Respondent on notice that his conduct will be measured under provision of these succeeding rules of professional ethics. The Hearing Officer found that all incidents between the Respondent and the Town Board were completed by November 6, 1985. Rule 8.4(c) of the *Rules,* under whose terms the Respondent is charged, contains essentially the same language as D.R. 1–102(A)(4) of the *Code.* We concur with the Hearing Officer's decision to amend the charges to conform to the evidence as neither side is prejudiced thereby. Accordingly, we conclude that the Respondent engaged in conduct involving dishonesty, fraud, deceit and misrepresentation in violation of D.R. 1–102(A)(4) of the *Code* which was in effect at the time of the misconduct.

We find further, as did the Hearing Officer, that the purported lease between Respondent and the Board, although not signed or executed by the Board, correctly reflected the true action of the Board. In light of this, we agree with the Hearing Officer's unchallenged conclusion that misconduct under D.R. 1–102(A)(3) has not been established.

The findings are undisputed that the Respondent affixed the signatures of two of the Board members to a lease without their authority. He used this false evidence, which he knew contained forged signatures, to bolster his position in an ensuing dispute. Such deceitful conduct indicates a moral lapse inconsistent with principles of ethical professional conduct and warrants a severe sanction. In this case, however, we are mindful of mitigating circumstances, that the purported lease instrument accurately reflected the agreement of the parties.

In light of the above considerations and the foregoing findings, we conclude that a period of suspension with automatic reinstatement is warranted under the facts of this case. It is, therefore, ordered that the Respondent, Paul J. Vogler, is suspended from the practice of law for a period of five (5) months beginning April 1, 1992.

Costs of this proceeding are assessed against the Respondent.