In the Matter of Nathan FOGLE.

No. 49S00–9107–DI–558.

Supreme Court of Indiana.

April 22, 1992.

Nathan Fogle, pro se.

Jeffrey D. Todd, Indiana Supreme Court Disciplinary Commission, Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

Nathan Fogle was charged with misconduct arising out of his refusal to withdraw from representing a client after being discharged, in violation of Rule 1.16(a)(3) of the *Rules of Professional Conduct for Attorneys at Law.* The case was heard by the Hearing Officer appointed by this Court pursuant to Admission and Discipline Rule 23, and the Hearing Officer has now tendered his findings of fact and conclusions of law.

■ In reaching a final determination as to professional misconduct, this Court examines *de novo* all matters tendered in the case. However, when, as in this case, neither party has petitioned for review, the findings of fact submitted by the Hearing Officer may be accepted and approved. See *In re Huebner* (1990), Ind., 561 N.E.2d 492; *In re Fox* (1989), Ind., 547 N.E.2d 850.

Accordingly, we find that the Respondent is a member of the Bar of this state having been admitted in 1970. On August 26, 1988, Jim Massie hired the Respondent to represent him in a case involving a Petition for Review of Award before the Industrial Board of Indiana. There was no fee agreement, and the Respondent advised Massie that the compensation will come from the opposing insurance company.

■ During the next year, Massie became increasingly dissatisfied with Respondent's performance. The Respondent told Massie that he was not sure how to proceed. On one occasion the Respondent asked Massie to notify his medical expert about an upcoming hearing date, and, when Massie in turn asked the Respondent to do this, the Respondent became angry, cussed, and told Massie that he had to do some of the work himself. Massie also became concerned about the expiration of the statute of limitations but his repeated requests to the Respondent to investigate this issue received no response.

In a letter of September 26, 1989, Massie advised the Respondent that his services were no longer wanted and requested the return of the file. The Respondent advised Massie that the file was Respondent's work product and he did not have to relinquish it. Massie contacted another attorney who also requested return of the file, once by a letter of October 9, 1989, and also by several phone calls, all of which were unanswered by the Respondent.

Unable to obtain his file or any information from the Respondent, Massie, on October 20, 1989, filed a complaint with the

Indiana Supreme Court Disciplinary Commission. This did not alter Respondent's course of conduct. He continued as attorney of record and continued to receive notices. In late 1989 and early 1990, the Respondent called Massie several times. During these telephone conversations, the Respondent reminded Massie that the hearing date was approaching, and Massie reminded the Respondent that he had been discharged. These conversations usually ended with the Respondent shouting and cussing at Massie.

In late 1989, Massie retained yet another attorney to represent him in the matter. The new attorney had to reconstruct Massie's file. Because the Respondent still refused to withdraw from the case, the new attorney had to petition for instructions from the Board in order to clarify his own position. The Board proceeded as any tribunal should when faced with a recalcitrant lawyer, and, on September 18, 1990, ordered Respondent's appearance withdrawn from the case.

On January 14, 1991, the Respondent filed his "Petition for Attorney's Fees" with the Board, requesting $14,250 for his services without indicating what services he had rendered. At the time of the hearing in this matter, he had not returned Massie's file.

The foregoing findings clearly establish Respondent's misconduct under Rule 1.16(a)(3). In assessing an appropriate sanction, we note several aggravating factors. We agree with the Hearing Officer's findings that Respondent's stubborn refusal to relinquish the client's file and continued undesired involvement in the case for more than a year after his discharge by the client severely jeopardized his client's case. We note further that this action is not Respondent's first breach of professional ethics, and that he was sanctioned by private reprimands on two prior occasions.[1] Unfortunately, Respondent's actions in the present case indicate that this experience has had no impact on his conduct. Upon being dismissed from the case, the Respondent embarked upon a concerted effort to harass and frustrate his former client. His blatant refusal to withdraw necessitated application to the Board for an order removing him from the case; his persistent refusal to return the file necessitated reconstruction of the file, again at the client's expense.

In light of the foregoing considerations and the findings of fact, we conclude that a substantial period of suspension is warranted. It is, therefore, ordered that the Respondent is suspended from the practice of law for a period of not less than two (2) years beginning May 22, 1992.

Costs of this proceeding are assessed against the Respondent.

---

1. *In the Matter of Nathan Fogle,* Case Number 184 S 5, "Order Imposing Private Reprimand," (Indiana Supreme Court, June 24, 1985); *In the Matter of Nathan Fogle,* Case Number 883 S 281, "Order Accepting Conditional Agreement and Imposing a Private Reprimand," (Indiana Supreme Court, April 16, 1984).