**In the Matter of Christian John GIELOW.**

No. 45S00–9108–DI–667.

Supreme Court of Indiana.

Oct. 23, 1992.

---

William S. Spangler, Jr., Merrillville, for respondent.

Donald R. Lundberg, Executive Secretary, Jeffrey D. Todd, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent in this disciplinary proceeding, Christian John Gielow, has been charged with violations of certain disciplinary rules contained in the *Rules of Professional Conduct for Attorneys at Law* and

the *Code of Professional Responsibility for Attorneys at Law.* The matter is now before this Court on a conditional agreement tendered by the parties pursuant to Admission and Discipline Rule 23, Section 11(d). We approve the tendered agreement.

In accordance with the agreement entered by the parties, we find that the Respondent is an attorney admitted to the Bar of this state subject to the disciplinary jurisdiction of this Court. In 1985, the Respondent was retained to represent a client in a personal injury claim. Between 1985 and 1990, this client attempted on numerous occasions to contact the Respondent to discuss the status of her case. On one of these occasions, the Respondent informed this client that the case had been filed when, in reality, no case had ever been filed.

In 1991, the Disciplinary Commission of this Court filed a one count verified complaint setting forth the above noted facts. Thereafter, the Respondent contacted this client and entered into a malpractice settlement agreeing to pay the sum of two thousand dollars ($2,000.00). The Respondent did not advise his client to seek independent counsel prior to entering into the settlement agreement.

■ By reason of the above conduct, this Court now finds that the Respondent, by failing to timely file litigation on behalf of his client, misrepresenting the status of litigation to a client, and entering into a malpractice settlement with a client without advising the client as to the necessity of independent representation, violated Rules 1.3, 1.4, 1.8(h), 3.2, and 8.4(c) of the *Rules of Professional Conduct* and Disciplinary Rules 1–102(A)(4), 6–101(A)(3), and 7–101(A)(1) of the *Code of Professional Responsibility.*

In mitigation, the Respondent notes that the incident giving rise to the initial complaint filed in this case occurred during a period of time when there was considerable turnover in the office secretarial staff. Respondent asserts that he dictated a complaint for this client and assumed that the complaint had been filed, but his assumption was in error.

By way of further mitigation, Respondent states that when he was informed that a complaint had been filed against him, he employed counsel. Such counsel sought an opinion from the Commission as to the propriety of contacting the complainant, but was subsequently told that such opinion would not be forthcoming. Upon advice of counsel, the Respondent approached his client and offered to settle. Respondent asserts that he informed his client of all of the facts, told her of his responsibility, and advised the client that she had a right to bring an action in court to recover damages. No release was signed.

The parties in this case have agreed that a suspension from the practice of law for a period of time is the appropriate sanction under the circumstances presented in this case. We concur.

In the comment section to Rule 1.3, it is noted that:

"Perhaps no professional shortcoming is more widely resented than procrastination. A client's interest often can be adversely affected by the passage of time or the change of conditions; in extreme instances, as when a lawyer overlooks a statute of limitations, the client's legal position may be destroyed."

■ This is exactly what has occurred in the present case. Regardless of the mitigation, the client's view is that of a person ill-served by the legal profession. This client sought professional assistance and received procrastination and neglect. There is ample reason for resentment. A thirty (30) day suspension from the practice of law is warranted. *In re Shea*, (1981) Ind., 425 N.E.2d 76.

It is therefore ordered that, by reason of the misconduct found in this case, the Respondent, Christian John Gielow, is hereby suspended from the practice of law in the State of Indiana for a period of thirty (30) days beginning December 1, 1992.

Costs of this proceeding are assessed against the Respondent.