In the Matter of Martin H. KINNEY.

No. 45S00–9002–DI–158.

Supreme Court of Indiana.

Jan. 6, 1993.

Richard F. James, Dyer, for respondent.

Donald R. Lundberg, Jeffrey D. Todd, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

### DISCIPLINARY ACTION

### PER CURIAM.

This disciplinary action was initiated by the filing of a five count complaint alleging professional misconduct on the part of the Respondent, Martin H. Kinney. The matter is now before this Court on the Hearing Officer's report. Neither party has petitioned for review as permitted under Admission and Discipline Rule 23. Upon our *de novo* review, we now accept the Hearing Officer's tendered findings and conclusions as stated herein and impose discipline.

### *Count I.*

The Respondent was charged in Count I with failing to act with reasonable diligence and promptness in perfecting his client's appeal thereby violating Rule 1.3 of the *Rules of Professional Conduct*. These charges stem from Respondent's representation of a criminal defendant on appeal in the United States Circuit Court of Appeals (Seventh Circuit).

Adopting the uncontested findings tendered by the Hearing Officer, we now find that the Respondent, a former Assistant U.S. Attorney with thirty-six (36) years of practice and over one hundred fifty (150) jury trials, was appointed in September 1988 to file an appeal for a criminal defendant in the United States Court of Appeals. On September 27, 1988, the appellate court ordered Respondent to reply to a *pro se* motion for stay of sentence by October 10, 1988. Respondent did not reply as instructed and was again ordered on October 18, 1988 to reply by October 21, 1988. Again, Respondent did not reply. On October 24, 1988, the appellate court issued a rule to show cause why the Respondent should not be cited for contempt for failing to prosecute this appeal. Respondent did not answer this rule to show cause. On January 9, 1989, the appellate court issued another rule for Respondent to show cause

why his name should not be stricken from the Court's roll of attorneys, be fined, and have his name forwarded for disciplinary action; he was ordered to reply by January 23, 1989. Respondent belatedly replied on February 1, 1989.

The United States Court of Appeals held the rules to show cause in abeyance and ordered Respondent to file his brief by April 10, 1989. The brief was filed on April 10, 1989, but it did not comply with the court's rules. The Respondent failed to include a jurisdictional statement. The brief was returned with directions to make the necessary corrections and immediately resubmit the brief. The Respondent did not resubmit the brief. On May 5, 1989, the appellate court ordered the Respondent to show cause why disciplinary action should not be taken against him. Respondent did not reply, but assured the court in a telephone conversation that the brief would be corrected and resubmitted. He did not resubmit the brief.

On June 16, 1989, Respondent was discharged as the court-appointed counsel in this case and his name was stricken from the roll of attorneys of the appellate court. The newly appointed attorney closely copied the initial brief filed by the Respondent, corrected the technical error, and filed the brief as directed.

The Hearing Officer in this case further found that during the pendency of this appeal the Respondent was preparing for a lengthy conspiracy trial in federal court that lasted for one month. The Hearing Officer, however, did not conclude that time constraints prevented the required representation in this appeal.

Rule 1.3 of the *Rules of Professional Conduct* provides that an attorney should act with "reasonable diligence and promptness in representing a client." By reason of the above findings, we conclude that Respondent's repeated failures to comply with the instructions of the United States Court of Appeals led to the unnecessary delay of his client's appeal. This conduct violated Rule 1.3 as charged under Count I of the complaint.

## Count II.

In Count II, Respondent is charged with violating Rule 1.3 of the *Rules of Professional Conduct* by failing to act with reasonable diligence and promptness in drafting and filing a client's dissolution of marriage decree. This charge emanates from Respondent's representation of the wife in a dissolution proceeding in the Lake Circuit Court.

We find that on or about July 28, 1987, at the conclusion of the final hearing on dissolution, Respondent was instructed to draft and submit the final decree. On January 22, 1988, a hearing was held on modification of the support and visitation provisions of the decree. It was learned that Respondent had not submitted the proposed final decree. Respondent was again instructed to draft the final decree and also instructed to draft and submit a proposed decree consistent with the decisions reached at the modification hearing. Respondent did not file the proposed dissolution decree until August of 1988 and the proposed modification order until December 1988.

As in the prior count, the issue presented under Count II is whether Respondent acted with "reasonable diligence and promptness." We find that failing to submit a proposed final decree in a dissolution matter for eighteen (18) months and taking eleven (11) months to submit a proposed modification order is not acting with reasonable diligence. Accordingly, we conclude that the Respondent violated Rule 1.3 of the *Rules of Professional Conduct* as charged under Count II of the complaint.

## Counts III and IV.

Based on the misconduct alleged under Count II, Respondent was charged under Counts III and IV with additional allegations relating to the fee charged during the course of representation. No additional evidence was presented concerning the specifics of these charges. Accordingly, on Counts III and IV, we find for Respondent.

## Count V.

In Count V, Respondent was charged with failing to render competent representation in violation of Rule 1.1 of the *Rules of Professional Conduct* and Disciplinary Rule 6–101(A)(2) of the *Code of Professional Responsibility;* failing to abide by the decision of his client in violation of Rule 1.2 of the *Rules of Professional Conduct* and Disciplinary Rule 7–101(A)(1) of the *Code of Professional Responsibility;* failing to make reasonable efforts to expedite litigation in violation of Rule 3.2 of the *Rules of Professional Conduct;* engaging in conduct prejudicial to the administration of justice in violation of Rule 8.4(d) of the *Rules of Professional Conduct* and Disciplinary Rule 1–102(A)(5) of the *Code of Professional Responsibility;* and generally violating the Rules and the Code.

Under this count, we now find that the Respondent was employed by a widow to close out an estate; the matter was docketed with the Lake Superior Court on August 6, 1980. The estate was not promptly concluded. In September 1986, Respondent initiated a collateral lawsuit on behalf of the estate alleging money owed for accounting services rendered by the decedent prior to his death; the matter was dismissed by reason of not being filed within the applicable six (6) year statute of limitations. In 1986, Respondent filed a second collateral lawsuit on behalf of the estate alleging that former business partners of the decedent owed money to the estate. This second lawsuit is still pending. The estate remained open in February 1992 and the Respondent still represented the widow.

■ The Hearing Officer concluded that this evidence was not sufficient to establish misconduct. This Court, however, is not bound by the Hearing Officer's conclusion, even though neither party has petitioned for review. We reserve the right to examine the findings, *de novo,* and reach our own determination of misconduct. *In re Vogler* (1992), Ind., 587 N.E.2d 678; *In re Huebner* (1990), Ind., 561 N.E.2d 492; *In re Fox* (1989), Ind., 547 N.E.2d 850.

The findings in this case indicate that the Respondent opened an estate in 1980 which remained open for at least eleven and one-half (11½) years. Six (6) years later he initiated two (2) lawsuits to recover money owed the estate. One (1) of these suits was dismissed by reason of a six (6) year statute of limitations. We find that this is not reasonable diligence under Rule 1.3 of the *Rules of Professional Conduct* and, accordingly find under Count V that Respondent engaged in misconduct. We accept the Hearing Officer's conclusion of no misconduct as to other allegations under this count.

Sanction

This Court has concluded that the Respondent, by reason of neglect, has violated Rule 1.3 of the Rules of Professional Conduct on three (3) occasions. We must now assess an appropriate sanction. Our decision involves consideration of the disciplinary offense, actual or potential injury, the state of mind of the Respondent, the duty of this Court to preserve the integrity of the profession, the potential risk to the public in permitting the disciplined attorney to continue in the profession, and matters in mitigation, extenuation or aggravation which arise from the factual setting presented by the case. *In re Cawley* (1992), Ind., 602 N.E.2d 1022; *In re Wells* (1991), Ind. 572 N.E.2d 1290; *In re Smith* (1991), Ind., 572 N.E.2d 1280.

Respondent in this matter engaged in a pattern of neglect. This is an issue which warrants disciplinary attention. As noted in the comment section to Rule 1.3, "(p)erhaps no professional shortcoming is more widely resented than procrastination." Regardless of any mitigation which might be present in a matter, in the end, it is the client who suffers by reason of delay. When viewed through the eyes of the client, neglect provides ample reason for resentment. *In re Gielow* (1992), Ind., 601 N.E.2d 340.

By way of mitigation, the Hearing Officer noted that there was no actual harm flowing from the misconduct found in this case. This finding is not challenged by the Disciplinary Commission. Accepting this conclusion, however, does not diminish the potential for injury that was present in this case. Respondent delayed a criminal appeal and jeopardized the rights of the appellant; Respondent failed to timely provide the draft orders for the conclusion of a dissolution thereby delaying the imposition of rights and duties ordered by a court; and Respondent delayed the finalization of an estate and delayed the distribution of property thereby frustrating the decedent's intended distribution.

The record before this Court does not establish a wrongful motive on the part of the Respondent. His intentions were to serve his clients; he offers no excuses and accepts the fact that this delay was without justification.

Based on the above considerations, we find that a period of suspension is warranted. Respondent has engaged in a pattern of neglect which involved potential injury to his clients. See, *In re Gielow, supra; In re Shea* (1981), Ind., 425 N.E.2d 76. Accordingly, by reason of the misconduct found in this case, the Respondent, Martin H. Kinney, is suspended from the practice of law for a period of one hundred twenty days (120) days beginning February 8, 1993. At the completion of this period of suspension, the Respondent shall be automatically reinstated as an attorney, subject to the procedures set forth in Admis.Disc.R. 23(4)(c).

Costs of this proceeding are assessed against the Respondent.