**In The MATTER OF David F. CASLAN.**

**No. 98S00–9209–DI–731.**

Supreme Court of Indiana.

March 31, 1994.

No appearance for respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

DISCIPLINARY ACTION

PER CURIAM.

The Respondent here, David F. Caslan, was charged in a Verified Complaint for Disciplinary Action with several violations of the *Rules of Professional Conduct for Attorneys at Law.* All charges arise out of Respondent's guilty plea, accepted in United States Federal District Court, to several counts of tax evasion and making false statements. Given the serious nature of the misconduct at issue, this Court suspended Respondent pendente lite by Order of February 11, 1994.

This Court appointed a Hearing Officer pursuant to Ind.Admission and Discipline Rule 23, Section 11(b), who, after full hearing, tendered her findings of fact and conclusions of law. Although the Respondent had constructive notice, pursuant to Admis.Disc.R. 23, Section 12(d), of the time, date, and place of hearing, he failed to appear. Neither party has petitioned this Court for review of the Hearing Officer's report, and we therefore accept and adopt the same, but reserve the right to evaluate such findings and reach our own conclusions as to misconduct. *In re Huebner* (1990), Ind., 561 N.E.2d 492, *In re Fox* (1989), Ind., 547 N.E.2d 850.

We find that Respondent was admitted to the Bar of this state on June 1, 1978, and is therefore subject to the disciplinary jurisdiction of this Court. On March 11, 1992, Respondent was indicted by grand jury in the United States District Court for the Southern District of Indiana for multiple fed-

eral criminal violations. Respondent thereafter pleaded guilty to five counts contained in the indictment. Pursuant to his plea, Respondent was adjudged guilty of two counts of conspiracy to evade and defeat the collection of income tax in violation of 18 U.S.C. Section 371, and three counts of making false statements in a matter within the jurisdiction of a department or agency of the United States, in violation of 18 U.S.C. Section 1001. Specifically, Respondent was adjudged guilty of devising, directing, and participating in schemes to create fraudulent depreciation deductions and investment tax credits based on farm equipment purchases that never occurred and schemes to substantially reduce federal income tax liability for himself, certain family members, and others. Respondent was also adjudged guilty of willfully and knowingly submitting false and fraudulent purchase order and payment receipt documents to agents of the Internal Revenue Service. Respondent's acts resulted in consequential cumulative tax losses to the federal government amounting to over $300,-000.00. He was sentenced to the custody of the United States Bureau of Prisons for a term of forty (40) months, and ordered to thereafter serve a term of three (3) years supervised release.

These facts clearly and convincingly establish that Respondent violated Ind.Professional Conduct Rule 8.4(b) by committing a criminal act that reflects adversely on his honesty, trustworthiness, and fitness as a lawyer in other respects; Prof.Cond.R. 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation; Prof. Cond.R. 8.4(d) by engaging in conduct that is prejudicial to the administration of justice; and Prof.Cond.R. 8.4(a) by violating or attempting to violate the *Rules of Professional Conduct.*

Now that we have found misconduct, it is the duty of this Court to assess an appropriate sanction. This task necessitates consideration of significant relevant factors, including the duty violated, Respondent's mental state, the actual or potential injury caused by the misconduct, and the existence of aggravating or mitigating factors. *In re Clanin* (1993), Ind., 619 N.E.2d 269. It is

clear from the nature of Respondent's conduct that he acted with a conscious objective or purpose to accomplish a particular result, that being to defraud the federal government of tax monies to which it was legally entitled. This type of intent represents the most culpable of mental states recognized in the assessment of lawyer misconduct. *In re Thompson* (1993), Ind., 624 N.E.2d 466, 469 (citing American Bar Association *Standards for Imposing Lawyer Discipline,* Theoretical Framework). The calculated deviousness of Respondent's acts reflects serious character flaws that are clearly incompatible with the practice of law. This Court would be remiss in its duty to safeguard the integrity of the Bar if it allowed practitioners who lack the requisite honesty, trustworthiness, and fitness for law practice to continue in the profession. Further, we note that the record before us indicates a complete lack of mitigating factors.

For these reasons, we conclude that Respondent's conduct calls for imposition of the most severe sanction. Accordingly, it is hereby ordered that the Respondent, David F. Caslan, is disbarred.

Costs of this proceeding are assessed against the Respondent.