**In the Matter of Dirk A. CUSHING.**

No. 49S00–9303–DI–382.

Supreme Court of Indiana.

Feb. 13, 1995.

Order Staying Suspension March 16, 1995.

Dirk A. Cushing, pro se.

Donna McCoy Spear, Staff Attorney, Indianapolis, IN, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

In a two-count verified complaint for disciplinary action, the Disciplinary Commission alleges that Respondent Dirk A. Cushing violated the *Rules of Professional Conduct for Attorneys at Law* while representing clients in two matters. The basic nature of the allegations is that Respondent failed to represent his clients with sufficient diligence. This Court has disciplinary jurisdiction over this matter by virtue of Respondent's admission to the Bar of this state in 1987.

The hearing officer appointed by this Court has tendered her findings of fact and conclusions of law. This case is now before us for final resolution. Our review is *de novo,* and encompasses all matters presented. Since neither party has sought review of

the hearing officer's report, we accept and adopt the factual recitation contained therein, but reserve the right to make a final determination as to misconduct and sanction. *In re Vogler* (1992), Ind., 587 N.E.2d 678.

In Count I, we now find that in June 1987, two individuals (hereinafter the "clients") contacted an attorney regarding possible legal action that might be taken in response to the death of their dog. After boarding their diabetic dog in a kennel in October 1986, the clients alleged that kennel employees neglected to feed the dog, causing it to lapse into a coma. The dog ultimately died in May 1987 after the clients amassed significant veterinary expenses in unsuccessful attempts to treat it. In late 1987, the attorney informed the clients that he could no longer represent them, and, in early 1988, the clients contacted Respondent.

■ In January 1988, Respondent met with the clients to discuss filing suit and seeking an insurance settlement against the kennel. Respondent indicated that he would take their case on a contingency basis, although no agreement was memorialized in writing. The clients assured Respondent that he would be paid regardless of recovery.

Between January 1988 and June 1992, Respondent wrote two letters to the kennel's insurance carrier regarding settlement. Respondent did not inform the clients that the insurer was unwilling to settle. In 1991, the clients, believing the statute of limitations applicable to their case to be five years, attempted to contact Respondent. They wrote letters asking about the case's status and offering suggestions as to case strategy, but received no response. Approximately twenty attempts to reach Respondent by telephone failed. When finally reached, Respondent indicated that the time during which to pursue the case was "running out," but that he was "pursuing" the matter, thus leaving the clients with the impression that documentation necessary to preserve their claim had been filed. Respondent ultimately never filed suit on behalf of the clients, failed to negotiate a settlement with the insurer, did not advise the clients that he no longer wanted to represent them, failed to advise them to seek other counsel, and did not return their file in a timely manner.

We find that Respondent's conduct in Count I violated Ind.Professional Conduct Rule 1.3 in that he failed to act with reasonable diligence and promptness when representing his clients. He also violated Prof. Cond.R. 1.4(a) by failing to keep his clients reasonably informed about the status of their case, and to promptly comply with reasonable requests for information.

■ Under Count II, we now find that a client retained Respondent in January 1990, in regard to to a dissolution action. Respondent filed a petition for dissolution in Marion Superior Court on February 5, 1990. On February 13, 1990, the client's wife filed a petition for dissolution in Superior Court of California, County of San Bernardino. On February 23, 1990, Respondent sent to the California court a motion captioned "Motion to Dismiss." In it, he asserted that the wife's petition should be dismissed because she did not meet California residency requirements. Respondent was not licensed to practice law in California, nor had he secured the assistance of local counsel. The California court refused to accept the pleading for various reasons, including the fact that Respondent failed to pay a requisite $88.00 first appearance fee. Respondent received funds for the fee from his client on March 15, but did not resubmit the motion to dismiss to the California court, even after obtaining local counsel, nor did he submit the appearance fee.

On April 2, 1990, the wife filed a request for default judgment with the California court. Although Respondent was served with a copy of this pleading on April 6, he failed to so inform his client. The California court granted the motion for default judgment on August 24, 1990. In October, Respondent's client received a copy of the order granting the divorce. Respondent informed him the divorce could be set aside. The client paid Respondent $1,000.00 on December 21, 1990, to continue the representation, and an additional $1,500.00 on January 1, 1991. Of this second payment, $500.00 was earmarked to retain California counsel to set aside the default judgment. Respondent failed to arrange for a California attorney to do so until July 2, 1991. On December 5, 1991, the client terminated Respondent's rep-

resentation. At that point, the California default judgment had not been set aside, and the Indiana dissolution matter was not resolved. On December 17, the client, by letter, again informed Respondent that the representation was terminated and demanded return of unearned fees. Respondent did not respond. The client sent a similar letter on January 17, 1992, but Respondent again failed to respond. On June 24, 1992, Respondent refunded $1,588.00 to the client, who had that month filed a grievance with the Commission.

We find that by attempting to file a motion in a California court when not licensed to practice law in that state, Respondent violated Ind.Professional Conduct Rule 5.5(a).[1] Such conduct also violates Prof.Cond.R. 8.4(a) because it represents an attempt to violate the *Rules of Professional Conduct.* Respondent also again violated Prof.Cond.R. 1.3.

■ Our finding of misconduct necessitates an analysis to determine an appropriate disciplinary sanction. Crucial to this determination is examination of the acts comprising the misconduct. Inaction by a lawyer may adversely affect a client's legal rights and cause the client needless anxiety. *See Comment* to Prof.Cond.R. 1.3. In one instance, Respondent failed to take significant action on behalf of his clients for a period of four and one-half years. Further, his less-than-diligent representation in the second count resulted in a default judgment being entered against Respondent's client. In both instances, clients' substantive legal rights were adversely affected or threatened to be affected by Respondent's conduct. Further, Respondent apparently disregarded our ethical strictures designed to protect the public from legal services rendered by unqualified persons, and by doing so again threatened the interests of his clients.

We are therefore convinced that a period of suspension is warranted to protect the public and to demonstrate that conduct of this sort will not be tolerated. It is, therefore, ordered that Respondent Dirk A. Cush-

ing be suspended from the practice of law for a period of not less than thirty (30) days, beginning March 17, 1995, at the conclusion of which he shall be automatically reinstated.

Cost of this proceeding are assessed against Respondent.

### ORDER GRANTING PETITION FOR 30 DAY STAY OF SUSPENSION

#### (March 16, 1995)

On February 13, 1995, this Court suspended the respondent for a period of thirty (30) days, beginning March 17, 1995. Thereafter, the respondent petitioned for stay of the suspension because of respondent's participation in a felony jury trial scheduled for March 27, 1995.

And this Court, being duly advised, now finds that the respondent's petition should be granted.

IT IS, THEREFORE, ORDERED that the thirty (30) day suspension imposed on the respondent by this Court's *per curiam* opinion issued in this cause on February 13, 1995, is hereby stayed for thirty (30) days and will begin on April 17, 1995.

The Clerk of this Court is directed to send notice of this Order to the parties and their attorneys of record and to all others who were sent notice of the February 13, 1995 *per curiam* opinion in this case.

DeBRULER, DICKSON and SULLIVAN, JJ., concur.

SELBY, J., not participating.

---

1. Prof.Cond.R. 5.5(a) provides: A lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.