**In the Matter of Dirk A. CUSHING.**

**No. 49S00–9503–DI–281.**

Supreme Court of Indiana.

April 16, 1996.

---

No Appearance, for respondent.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

■ The Disciplinary Commission alleges that the respondent, Dirk A. Cushing, neglected to take action on behalf of a client or to adequately communicate with that client after agreeing to provide representation. Thereafter, this Court appointed a hearing officer to hear evidence in this matter. She found misconduct as charged, and this case is now before us for final resolution. Neither party has asked this Court to review the findings of the hearing officer. Where the findings are unchallenged, this Court adopts them but reserves final judgment as to misconduct and sanction. *In re Vogler,* 587 N.E.2d 678 (Ind.1992), *In re Fox,* 547 N.E.2d 850 (Ind.1989). As a preliminary matter, we note that the respondent was admitted to this state's Bar in 1987 and is thus subject to our jurisdiction in attorney disciplinary matters.

Applying the above-noted review process, we now find that the victim of an automobile accident retained the respondent on March 6, 1992, to pursue a personal injury claim. During June and August of 1992, the respondent's new client provided him with medical records and other records relevant to the accident. However, all of the client's attempts between March 6 and October 22, 1992, to contact the respondent were unsuccessful. The respondent failed to return the client's telephone calls and neglected to respond to her letters. On October 22, 1992, the client informed the respondent by letter that he was terminated as her counsel and requested return of her case file. The respondent did not return to the client file materials to which she was entitled after termination of representation. Other than

securing a medical narrative from the client's treating physician, the respondent took no action in the case on her behalf.

In its *Verified Complaint for Disciplinary Action*, the Commission charged the respondent with violating Ind.Professional Conduct Rules 1.3, 1.4(a), and 1.16(d), which provide:

Prof.Cond.R. 1.3: A lawyer shall act with reasonable diligence and promptness in representing a client.

Prof.Cond.R. 1.4(a): A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

Prof.Cond.R. 1.16(d): Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

We agree with the hearing officer's conclusion as to misconduct and now find that by the conduct aforesaid, the respondent violated Prof.Cond.R. 1.3, 1.4(a), and 1.16(d).

Having found misconduct, we must now assess an appropriate discipline. In so doing, we examine several factors, among them the nature of the misconduct, the duty violated, the lawyer's mental state, actual or potential injury caused by the misconduct, the duty of this Court to preserve the integrity of the profession, the potential risk to the public in permitting the respondent to continue in the profession, and the existence of aggravating or mitigating factors. *In re Drozda*, 653 N.E.2d 991 (Ind.1995), *In re Helman*, 640 N.E.2d 1063 (Ind.1994). Unfortunately, the respondent's misconduct in this case is remarkably similar to that for which he was disciplined in a prior disciplinary action. *In re Cushing*, 646 N.E.2d 662 (Ind. 1995). In that case, this Court found that the respondent neglected the legal matters of two clients in violation of Prof.Cond.R. 1.3 and 1.4(a), in addition to other misconduct.[1] We imposed a thirty-day suspension in that case, noting that the respondent's neglect threatened adverse effect on his clients' legal rights and caused them needless anxiety. *In re Cushing*, 646 N.E.2d at 664. The same is true in regard to the present misconduct. On the other hand, we find no indication that the respondent's inaction caused any real harm to the client. Instances of neglect that cause little or no actual harm to the client generally warrant admonishment only. *See* ABA *Standards for Imposing Lawyer Sanctions*, Standards 4.43, 4.44. It is clear, however, that over a period of time the respondent has engaged in a pattern of neglect, as evidenced by the present misconduct, his failure to attend the resultant disciplinary hearing, and his prior similar misconduct. We view this fact as an aggravating circumstance. Procrastination is one of the most widely resented professional shortcomings and appears to taint a significant portion of the respondent's professional life. In light of this, we are convinced a period of suspension, without automatic reinstatement at its conclusion, is now warranted to demonstrate to the respondent this Court's intolerance of his conduct. *See* ABA *Standards*, Standard 4.42 (suspension generally appropriate where lawyer engages in pattern of neglect).

It is, therefore, ordered that the respondent, Dirk A. Cushing, be suspended for a period of not less than thirty (30) days, beginning May 24, 1996. At the end of this period of suspension, the respondent may petition this Court for reinstatement, provided he meets the conditions contained in Ind.Admission and Discipline Rule 23, Section 4.

Costs of this proceeding are assessed against the respondent.

---

**1.** This Court also found that the respondent attempted to file a pleading in a state where he was not licensed to practice law.