### In the Matter of Challoner Morse McBRIDE.

### No. 98S00-9307-DI-767.

Supreme Court of Indiana.

April 16, 1996.

No Appearance, for respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for The Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

The Disciplinary Commission has charged the respondent with committing a criminal act that reflects adversely on her honesty, trustworthiness, or fitness as a lawyer in other respects and with engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of the *Rules of Professional Conduct for Attorneys at Law.*[1] All charges stem from the respondent's Wisconsin felony criminal convictions for theft. Due to such convictions, this Court suspended the respondent *pendente lite,* effective September 20, 1993, after due notice of the Commission's request for such suspension was served on the respondent. Thereafter, pursuant to Ind.Admission and Discipline Rule 23, Section 11, this Court appointed a hearing officer to hear evidence. Final hearing was conducted without an appearance by the respondent. This matter now comes before us for final determination on the hearing officer's report. Where, as in this case, neither party exercises its option of challenging the report of the hearing officer, we adopt

---

**1.** Specifically, in its *Amended Verified Complaint for Disciplinary Action,* filed on July 6, 1995, and duly served on the respondent, the Commission alleged the respondent violated Ind.Professional Conduct Rules 8.4(b) and 8.4(c), which provide:

It is professional misconduct for a lawyer to:

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . .

the findings contained therein. *In re Shumate*, 647 N.E.2d 321 (Ind.1995), *In re Huebner*, 561 N.E.2d 492 (Ind.1990).

■ As a preliminary matter, we note that the respondent was admitted to the bar of this state in 1979. We now find that on March 23, 1993, in Door County, Wisconsin, the respondent and another individual were charged in the same criminal information with seven counts of felony theft. Specifically, the respondent, along with the other individual, was alleged to have converted over $80,000 belonging to a client. On February 19, 1993, a Door County jury convicted the respondent of four counts of theft, each a felony under the laws of Wisconsin. On September 7, 1994, the Court of Appeals of Wisconsin affirmed the convictions. *State v. McBride*, 187 Wis.2d 409, 523 N.W.2d 106 (Ct.App.1994), *cert. denied* —— U.S. ——, 115 S.Ct. 1796, 131 L.Ed.2d 724. On October 25, 1994, the Supreme Court of Wisconsin revoked the respondent's license to practice law in the state of Wisconsin. *In re McBride*, 188 Wis.2d 141, 523 N.W.2d 106 (1994).[2]

The revocation of an Indiana lawyer's license to practice law in another state is grounds for the issuance of a disciplinary sanction in this state. Admis.Disc.R. 23(2)(b).[3] Further, a lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction although engaged in practice elsewhere. Prof. Cond.R. 8.5. We find that the respondent's commission of multiple acts of theft represents the commission of a criminal act that reflects adversely on her honesty, trustworthiness and fitness as a lawyer in other respects, in violation of Prof.Cond.R. 8.4(b). In committing the crimes, the respondent engaged in conduct involving dishonesty, fraud, deceit and misrepresentation in violation of Prof.Cond.R. 8.4(c).

Having found misconduct, we now address the issue of proper sanction. In her report

to this Court, the hearing officer recommended that the respondent be disbarred, noting that the Wisconsin Supreme Court imposed that sanction. Although we are not bound by the hearing officer's recommendation of sanction,[4] we agree with the recommendation in this case. We are hard-pressed to imagine conduct which more clearly compels us to remove a lawyer's privilege of practicing law. Theft, by its very nature, is an egregious act of dishonesty. The respondent's actions are more abhorrent in that she repeatedly stole substantial sums from a client. We find that her actions demonstrate that she is incapable of being entrusted with the obligations and duties that law practice necessarily entails.

It is, therefore, ordered that the respondent, Challoner Morse McBride, is hereby disbarred from the practice of law in this state. The Clerk of this Court is directed to strike her name from the roll of attorneys.

Costs of this proceeding are assessed against the respondent.

---

**2.** The hearing officer noted that, in Wisconsin, "revocation" of a law license is the equivalent of disbarment. Wisconsin Supreme Court Rule 21.06(1).

**3.** Indiana Admission and Discipline Rule 23(28) now provides the procedure for imposition of

reciprocal discipline in this state. The complaint in the present action was filed before the February 1, 1996, effective date of that subsection.

**4.** *In re Rajan*, 526 N.E.2d 1185 (Ind.1988).