**In the Matter of Samuel L. BOLINGER, Respondent.**

**No. 02S00–0911–DI–514.**

Supreme Court of Indiana.

Aug. 2, 2010.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent represented a client as a plaintiff in a civil action in which discovery issues arose. Respondent informed the client of the necessity of responding to the discovery requests, often in face-to-face meetings. Respondent documented these discussions with informal notes. Eventually the court entered default judgment against the client as a sanction for his failure to comply with a motion to compel discovery. When the client accused Respondent of failing to respond to the discovery requests, Respondent instructed his secretary to prepare a series of back-dated letters to the client to reflect his earlier advice to the client to respond to the discovery requests. The letters falsely conveyed that they were mailed on prior dates. The letters were sent to the client but never used in any court proceeding.

Facts in mitigation are: (1) Respondent has no prior discipline; (2) Respondent cooperated with the Commission; and (3) Respondent's conduct caused no direct harm to the client.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(c), which prohibits engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** The parties suggest Respondent should receive a suspension of 30 days with automatic reinstatement. The discipline the Court would impose for Respondent's misconduct would likely be more severe had this matter been submitted without an agreement. *See Matter of Vogler*, 587 N.E.2d 678 (Ind.1992) (imposition of five-month suspension with automatic reinstatement for fabrication of evidence). Nevertheless, in light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases and the apparently isolated nature of Respondent's misconduct, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent**

from the practice of law for a period of 30 days, beginning September 10, 2010. Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except SHEPARD, C.J., and BOEHM, J., who dissent, believing the discipline to be inadequate.