**In the Matter of William A. KERN.**

**No. 02S00–8807–DI–634.**

Supreme Court of Indiana.

March 22, 1990.

Timothy J. Connor, Fort Wayne, for respondent.

Sheldon Breskow, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Comm'n.

## DISCIPLINARY ACTION

### PER CURIAM.

This case is before us on a Verified Complaint For Disciplinary Action charging William A. Kern, the Respondent herein, with one count of professional misconduct.

Pursuant to Admission and Discipline Rule 23, Section 11(b), this court appointed a Hearing Officer who has now tendered his findings of fact, conclusions and recommendation. The Respondent has petitioned for review of the same.

A review by this court of attorney disciplinary cases involves an examination of all matters presented before the court. This includes a review not only of the Hearing Officer's report but also of the entire record tendered in the case. The Hearing Officer's findings receive emphasis due to his unique opportunity for direct observation of the witnesses, but this court reserves the right to make the ultimate determination. *In re Stanton* (1986), Ind., 492 N.E.2d 1056.

The majority of the Hearing Officer's findings are the result of stipulation between the parties. The Respondent does not challenge the findings as incorrect, but he contends that they are incomplete as to certain other testimony elicited during the hearing. Respondent's specific challenges in this regard will be resolved within the review process and this court's ultimate findings and conclusion.

The Respondent has been charged with committing a criminal act that reflects adversely on his honesty, trustworthiness and fitness to practice law in all other respects, conduct involving dishonesty, deceit and misrepresentation and conduct prejudicial to the administration of justice, in violation of Rule 8.4(b), (c) and (d) of the *Rules of Professional Conduct for Attorneys at Law.*

Upon review of all matters, we find, that on September 29, 1987, the Respondent was charged by Information with Child Molesting, a Class D Felony. The complaining witness had indicated to the police that she had accompanied the Respondent into a residence where the Respondent pushed her against a wall, placed his arms around her, attempted to kiss her on the mouth, and fondled her breast, buttocks and vaginal area on the outside of her clothing. She further stated that the incident occurred over a period of 15 to 20 seconds, after which time she ran away and called police. At the time of this incident, the complaining witness was 15 years and 11 months old.

The Respondent admitted that he did in fact put his arms around the complaining witness and kissed her on the lips but denied any other touching. At the time of the incident the Respondent had been drinking alcoholic beverages for several hours.

The Respondent entered a plea of guilty to the child molesting charge but was sentenced under Indiana Code 35–50–2–7(b), which gives the sentencing court discretion to sentence the offender under misdemeanor provisions. Respondent's admissions were sufficient to sustain a factual basis for his plea of guilty.

As a result, the court found the Respondent guilty of child molesting, a Class A Misdemeanor, and sentenced him to one year suspended sentence and a fine of $100. The sentencing court also ordered the Respondent to attend counseling as needed, to maintain good behavior, to complete 100 hours of community service, to continue attendance at Alcoholics Anonymous, not to consume alcoholic beverages and to have no further contact with the complaining witness.

All of the above findings were the result of stipulation by the parties, and the Respondent concedes, in his proposed findings of fact which have been incorporated into his petition for review, that his conduct is in violation of Rule 8.4(b) of the *Rules of Professional Conduct.* The essence of Respondent's petition for review appears to

be a challenge to the Hearing Officer's analysis and recommendation for sanction. The Respondent alleges that the Hearing Officer exhibited hostility and bias toward the Respondent, urges the adoption of certain additional findings which, although not specifically designated as mitigating circumstances, are presented in such light, and more specifically focuses on alcoholism as a contributing factor in the criminal act.

Having examined all tendered matters, we find further that, at the time of the incident, the Respondent did not know the age of the complaining witness but she was known to him to be the mother of a child more than a year old. At the time of the hearing the Respondent was fully complying with all the conditions set by the trial court, including regular attendance of Alcoholics Anonymous meetings which he initiated prior to being ordered by the court to do so. In his supplemental memorandum of October 27, 1989, the Respondent further states that he has continued to abstain from alcohol and to attend Alcoholics Anonymous meetings. We also find that Respondent's problems with excessive alcohol use and addiction had been long standing by the time the molestation incident occurred.

By way of professional background, we find that, after graduating from Yale College and Yale Law School, the Respondent practiced law in several capacities with the United States government and private industry and eventually entered private practice in Fort Wayne. The Respondent has been active in community affairs, including the Boys Scouts, his church and the Allen County Bar Association. For many years the Respondent was associated with and was the chairman of a local chapter of the American Civil Liberties Union (ACLU).

■ In support of his contention of bias and hostility, the Respondent alleges a disparaging attitude by the Hearing Officer during the hearing and points to the omission of many of Respondent's proposed findings. It is Respondent's contention that the Hearing Officer's attitude stems from Respondent's long standing association with ACLU and that organization's

role in pursuing an action against the Hearing Officer to the Supreme Court of the United States in the case of *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Based on this association, the Respondent argues that the Hearing Officer should have declined to accept jurisdiction. The Respondent fails to cite to any portion of the record which would indicate that the Respondent in any way challenged the qualifications of the Hearing Officer, requested a disqualification or claimed bias or prejudice during the hearing. We find Respondent's bias and hostility claim to be unsupported.

■ The findings in this case clearly establish, and the Respondent admits, that he engaged in an illegal act which reflects adversely on his fitness as a lawyer as charged under Rule 8.4(b). The findings do not support a conclusion that the Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation as charged under Rule 8.4(c). We find further that there is no evidence which would suggest that Respondent in any way hindered the criminal proceeding or otherwise conducted himself in a manner that is prejudicial to the administration of justice as charged under Rule 8.4(d). See *In re Oliver* (1986), Ind., 493 N.E.2d 1237.

Having found that the Respondent engaged in misconduct, this court must now assess an appropriate sanction. Several factors are considered in this process; the specific acts of the Respondent, the nature of the violation, the impact on the public, this court's responsibility to preserve the integrity of the Bar, and the risk, if any, to which the public will be submitted if the Respondent is permitted to continue in the profession or be reinstated at some future date. *In re Hudgins* (1989), Ind., 540 N.E.2d 1200, *In re Hampton* (1989), Ind., 533 N.E.2d 122, *In re Moerlein* (1988), Ind., 520 N.E.2d 1275.

Although a lawyer is personally answerable to the entire criminal law, the commission of an offense may not necessarily reflect on a person's fitness as a lawyer. See Comment to Rule 8.4 of the *Rules of Professional Conduct*. The offense of child

molesting, however, is not only a serious crime abhorred by our society and strictly proscribed by our criminal laws, but, by its very nature, it renders the perpetrator unfit to be an officer of the Court and warrants the strictest sanction. See *Hudgins, supra.*

The Respondent urges this court to view his alcoholism and his alcohol consumption prior to the incident as a contributing factor resulting in his diminished judgment. In considering this contention we are mindful of the fact that Respondent's admissions were sufficient to sustain a factual basis for his guilty plea and thereby establish the requisite *mens rea.* Although this is not wholly inconsistent with a finding of diminished judgment which would nonetheless leave the Respondent capable of distinguishing right from wrong, we must also keep in mind that this court has a responsibility to safeguard the public from unfit lawyers, whatever the cause of unfitness may be. *In re Powell* (1988), Ind., 526 N.E.2d 971. Alcoholism and drunkenness can excuse neither the criminal act nor alleviate the adverse effect it has on Respondent's professional standing. On the other hand, it must be noted, that Respondent's criminal conduct is not part of a pattern of repeated molestation, as in *Hudgins, supra,* but an isolated incident.

In light of the forgoing considerations, we find that a suspension for a period of not less than two (2) years is appropriate under the circumstances of this case. Accordingly and by virtue of the misconduct found herein, the Respondent, William A. Kern, is suspended from the practice of law for a period of two (2) years beginning April 20, 1990.

Costs of this proceeding are assessed against the Respondent.

SHEPARD, C.J., and DeBRULER, J., dissent as to the sanction and would impose a six (6) month suspension.