In the Matter of Melvin REED.

No. 71S00–9006–DI–404.

Supreme Court of Indiana.

Sept. 25, 1992.

Melvin Reed, respondent pro se.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Respondent, Melvin Reed, was charged in a complaint for disciplinary action with violations of Rules 1.7(b), 1.8(a), 1.8(h) and 1.8(e) of the *Rules of Professional Conduct for Attorneys at Law*. The charge stemmed from Respondent's representation of a client in a claim arising out of an automobile accident.

The hearing officer appointed in this matter held a hearing and tendered his Findings and Conclusions, and the case is now before this court for final determination. Although Respondent received notice of the hearing, he failed to appear or to challenge the hearing officer's report. Accepting these unchallenged findings, we find that Respondent is a member of the Bar of this state and is subject to this court's disciplinary jurisdiction.

On September 10, 1982, Bobbie Jean Coleman was injured in an automobile accident resulting in medical expenses of approximately $6,000. Mrs. Coleman retained Respondent to pursue a claim against the driver of the other vehicle involved in the collision. Respondent made one demand to the other driver's insurance carrier for approximately $34,000 and led his client to believe that this would be appropriate compensation for her injuries. However, Respondent failed to successfully negotiate a settlement or to preserve the claim by filing suit within the two year statute of limitations.

Respondent advised his client that he had failed to file certain papers in her case but at no time did he explain to his client the concepts of the statute of limitations. After the statute of limitations had expired, Respondent advised the client that he would advance her funds from his own pocket until her claim was settled. In furtherance of this, Respondent paid to his client approximately $12,000 between 1985 and 1988. At no time during this period did Respondent ever advise the client that his failure had resulted in the loss of her claim.

We conclude that Respondent represented Mrs. Coleman when the representation was materially limited by his own interests, in violation of Rule 1.7(b); and that he provided financial assistance to a client in violation of Rule 1.8(e). The facts do not support a finding of misconduct under Rules 1.8(a) or 1.8(b).

In determining an appropriate sanction, we consider the very nature of Respondent's misconduct and his entire course of conduct, including any exacerbating or mitigating factors. We note that his failure to comply with professional requirements was tempered by his attempt to rectify the harm caused to the client by advising the client of an error and paying $12,000 toward the client's loss. Yet, it is in this effort that Respondent failed to fully and completely advise the client of his failure to preserve her claim and the resulting adversary nature of their interests. With this in mind, we find that a brief period of suspension with automatic reinstatement is an appropriate sanction under the circumstances of this case.

Accordingly, it is ordered that Respondent, Melvin Reed, is suspended from the practice of law for a period of forty-five (45) days beginning October 26, 1992, with automatic reinstatement thereafter.

Costs of this proceeding are assessed against Respondent.