**In the Matter of John D. HENRY.**

**No. 47S00–8804–DI–403.**

Supreme Court of Indiana.

Sept. 25, 1992.

Gary L. Griffiths, Schneider & Griffiths, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Supreme Court Disciplinary Com'n, Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission has charged Respondent, John D. Henry, in a complaint for disciplinary action with several violations of the *Rules of Professional Conduct for Attorneys at Law* and the preceding *Code of Professional Responsibility.* The parties have reached an agreement and, pursuant to Admission and Discipline Rule 23, Section 11(d), have submitted for this Court's approval a Statement of Circumstances and Conditional Agreement for Discipline.

Based on the agreement, we find that Respondent is a member of the Bar of Indiana and is subject to this Court's disciplinary jurisdiction. We also find that between April, 1980, and May, 1985, Respondent, as attorney, opened seven different estates in the Lawrence Circuit Court. On April 25, 1980, he opened the estate of Josephine Kopsho; on May 7, 1980, he opened the estate of Lenas Pruitt; on December 17, 1981, he opened the estate of William H. Mullinax; on July 6, 1984, he opened the estate of Marie Frances Barger; on October 9, 1981, he opened the estate of Gladys Joy Rodgers; on October 26, 1984, he opened the estate of Ruby Irene Drew; and on May 17, 1985, he opened the estate of Isma White. Every one of these estates remained open on July 25, 1988, because Respondent had failed to take the necessary steps to close them.

The Respondent has admitted that he engaged in professional misconduct and that the appropriate sanction is suspension from the practice of law for a period of nine (9) months without automatic reinstatement. We conclude specifically that he failed to act with diligence and promptness in representing his clients in violation of Rule 1.3 of the *Rules of Professional Conduct* and neglected legal matters entrusted to him in violation of D.R. 6-101(A)(3) of the preceding *Code of Professional Responsibility.* We find further that the agreed sanction is appropriate under the circumstances of this case. Accordingly, we accept the Conditional Agreement. It is, therefore, ordered that John D. Henry is suspended from the practice of law for a period of nine (9) months effective as of March 1, 1992.

Costs of this proceeding are assessed against Respondent.