In the Matter of John A. CAWLEY, Jr.

No. 20S00–9109–DI–676.

Supreme Court of Indiana.

Nov. 17, 1992.

Forrest Bowman, Jr., Indianapolis, for respondent.

Charles A. Kidd, Indiana Supreme Court Disciplinary Com'n, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

This case was initiated by the filing of a single count disciplinary complaint charging the Respondent, John A. Cawley, Jr., with conduct in violation of Rules 8.4(b) and (d) of the *Rules of Professional Conduct for Attorneys at Law*. The case was submitted to the appointed Hearing Officer on an agreed statement of facts. Accepting the stipulation, the Hearing Officer has now tendered his report, without specific recommendation as to sanction. Neither party has petitioned for review.

This matter is now before the Court for final judgment. When the Hearing Officer's findings and conclusions are unchallenged, they may be accepted, but this Court receives the right to examine the record *de novo* and reach its own findings of fact and conclusions of law. *In re Vogler* (1992), Ind., 587 N.E.2d 678; *In re Huebner* (1990), Ind., 561 N.E.2d 492; *In re Fox* (1989), Ind., 547 N.E.2d 850.

Accordingly, we now find that the Respondent was admitted to the practice of law in 1968 and is subject to the disciplinary jurisdiction of this Court. Since becoming an attorney, the Respondent has had a broad range of experience. At some time in 1988, the Respondent was employed in a professional capacity in an estate matter. On June 13, 1990, the Respondent withdrew twelve thousand dollars ($12,000) from such estate by the use of a pre-signed check. At that time, significant work had been done on the estate and significant work remained to be done. Respondent had known the co-personal representatives since childhood and honestly believed that they would not have objected to his borrowing of the funds. He attempted to contact one of the co-representatives, but was unable to do so.

In July, when the co-representative received a bank statement, she asked for an explanation. Respondent admitted that he had written the check and promised to return the money. He returned the money in February 1991 and at that time repaid with interest. Respondent continued and continues to represent the estate with the permission of the co-administrators.

The parties have further agreed to the existence of significant mitigating factors in this case. At the time the incident occurred, Respondent was experiencing financial difficulties in the office compounded by domestic problems. There is no history of misconduct on the part of the Respondent. He has not denied wrongdoing, is remorseful, recognizes the severity of his misconduct, and asks for mercy.

Based on the above findings, the Hearing Officer concluded that Respondent committed a criminal act that reflects adversely on his honesty, trustworthiness or fitness as an attorney in violation of Prof.Cond.R. 8.4(b), and engaged in conduct prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4(d). This Court now accepts the Hearing Officer's conclusion and so finds that Respondent violated the *Rules of Professional Conduct.*

It is now the duty of this Court to assess an appropriate disciplinary sanction.

This involves consideration of the disciplinary offense; actual or potential injury; the state of mind of the Respondent; the duty of this Court to preserve the integrity of the profession; the risk to the public, if any, in permitting the disciplined attorney to continue in the profession; and matters in mitigation, extenuation or aggravation which arise from the factual setting presented by the case. *In re Reed* (1992), Ind., 599 N.E.2d 601; *In re Wells* (1991), Ind., 572 N.E.2d 1290; *In re Smith* (1991), Ind., 572 N.E.2d 1280; *In re Coleman* (1991), Ind., 569 N.E.2d 631.

■ The disciplinary offense in the present case is a serious one; this Court does not view the unauthorized use of a client's funds as an insignificant matter. But this case presents a course of conduct that warrants considerable attention before the imposition of sanction. The association between the Respondent and his clients was one of long standing; albeit misguided, Respondent possessed a level of expectation in light of the work that had been performed and the nature of this relationship. This conclusion is further supported by the continuation of the professional relationship after the incident. When Respondent learned that his client did not approve the financial transaction, he accepted the consequences and admitted the inappropriate nature of his conduct to his client and the disciplinary authorities. Respondent should be disciplined for his error in judgment, but the mitigation in this case warrants consideration.

Based on these circumstances, we are of the opinion that Respondent can be recommended to the practice of law at a future date and the appropriate level of sanction should be tailored to meet this end. It is therefore ordered that, by reason of the professional misconduct found in this case, that the Respondent shall be, and hereby is, suspended from the practice of law for a period of six (6) months beginning December 14, 1992. At the completion of this period of suspension, the Respondent shall be automatically reinstated as an attorney, subject to the procedures set forth in Admis.Disc.R. 23, § 4(c).

Costs of this proceeding are assessed against the Respondent.

SHEPARD, C.J., dissents and would impose a suspension of eighteen (18) months.

GIVAN, J., dissents and would impose a suspension of two (2) years.