**In the Matter of Nora E. PEOPLES.**

No. 49S00–9006–DI–402.

Supreme Court of Indiana.

May 24, 1993.

Nora E. Peoples, pro se.

Donald R. Lundberg, Executive Secretary, Jeffrey D. Todd, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

DISCIPLINARY ACTION

PER CURIAM.

The Respondent in this disciplinary action, Nora E. Peoples, has been charged with professional misconduct. As provided in Ind.Admission and Disciplinary Rule 23(11)(b), a Hearing Officer was appointed, conducted a hearing, and has tendered findings of fact and conclusions of law. Respondent was granted three extensions of time to file a Petition for Review and was informed that the third extension would be the final extension of time. Although having been granted three extensions of time and having been advised that further requests for subsequent extensions would be denied, Respondent did not timely file her Petition for Review, but instead sought additional time. Her request was denied as were all following requests for similar relief.

By reason of Respondent's failure to timely file her Petition for Review, this Court will consider the Hearing Officer's findings as unchallenged. In this process, however, we reserve the right to reexamine, *de novo*, the proceedings below and reach an independent determination. *In re Vogler* (1992), Ind., 587 N.E.2d 678; *In re Huebner* (1990), Ind., 561 N.E.2d 492; *In re Fox* (1989), 547 N.E.2d 850.

COUNT I.

In Count I, Respondent has been charged with multiple violations of the *Rules of Professional Conduct* relating to her alleged absence of due diligence in the professional representation of a client. Under this Count, we now find that on July 3, 1986, Respondent filed a civil complaint on behalf of a client. On August 27, 1986, Respondent was served with interrogatories which she forwarded to her client; the interrogatories were answered and returned to the Respondent by September 8, 1986. Two years later, on September 23, 1988, Respondent contacted her client and requested that the client come to Respondent's house to sign the interrogatories. On October 10, 1988, Respondent's client sent a letter discharging the Respondent.

The trial court dismissed the case on December 12, 1988, by reason of Respondent's failure to answer the interrogatories. Without notifying her client, Respondent filed a motion to set aside the order of dismissal. On January 6, 1989, Respondent met with her former client and newly hired counsel at which time Respondent was requested to turn over the file. On February 15, 1989, this new counsel entered his appearance, and on February 22, 1989, Respondent returned the file. She withdrew from the case the next day.

By reason of the above findings, we now conclude that, by failing to timely answer the interrogatories, the Respondent did not act with reasonable diligence and promptness and, accordingly, violated Ind.Professional Conduct Rule 1.3. We also conclude that, by failing to keep her client informed of the status of the case, Respondent violated Prof.Cond.R. 1.4(a); by failing to withdraw her appearance after being discharged, Respondent violated Prof.Cond.R. 1.16(a); and by failing to surrender papers in a timely fashion, Respondent violated Prof.Cond.R. 1.16(d).

## COUNT II.

Count II was dismissed by the Disciplinary Commission. No evidence was presented as to the allegations of misconduct.

## COUNT III.

In Count III, Respondent is again charged with professional misconduct relating to undue delay. We find that in 1987, Respondent was retained to represent a criminal defendant in the appeal of two post-conviction matters relating to convictions in 1974 and 1979. Financial arrangements were handled by the brother of the defendant. In the 1974 case, the Respondent was granted three extensions of time to perfect the appeal from denial of post-conviction relief with the record ultimately being due on December 14, 1987. The record was not filed and the appeal was dismissed pursuant to Appellate Rule 3 on January 13, 1988. The Respondent did not inform her client that this appeal had been dismissed.

Respondent filed the appeal in the second case on February 12, 1988. She did not send her client a copy of the brief. The client tried repeatedly to contact the Respondent regarding the status of his cases, but was unsuccessful. As a result, he asked that the State Public Defender's Office get the transcript of proceedings so that they could review the cases, sent a letter to the Respondent requesting her to turn over all documents to the State Public Defender, and told his brother to stop making payments. Between April 11, 1989, and April 20, 1990, counsel from the State Public Defender's Office left thirteen messages with Respondent's office relative to this matter. Counsel spoke with Respondent on four occasions, but never was able to obtain the record of proceedings still in possession of the Respondent.

In light of our findings of fact under Count III, we now conclude that the Respondent, by failing to timely file the appeal in the 1974 case, did not act with reasonable diligence and promptness and, accordingly, violated Prof.Cond.R. 1.3. Additionally, Respondent violated Prof. Cond.R. 1.4 by failing to keep her client informed about the status of his appeals and not complying with reasonable requests for information.

## COUNT IV.

In this Count, Respondent is charged with additional neglect in the representation of a client. On August 30, 1986, an individual was injured when she fell on the premises of a business. By reason of her injury, she was hospitalized for two weeks and was on crutches for two months. She suffers a 25% permanent partial impairment as a result of the fall. In September 1986, the individual contacted Respondent concerning representation. On August 30, 1988, Respondent filed a complaint on behalf of this client. Respondent telephoned her client to advise that a lawsuit had been filed, but did not at that time provide a copy of the pleading.

Communication between Respondent and her client deteriorated and in the fall of 1989, this client asked Respondent to with-

draw her representation. In January 1990, the client obtained new counsel who contacted Respondent by phone and requested the return of the file. He followed up with a letter several weeks later, but mailed it to the wrong address. On April 20, 1990, new counsel sent a certified letter to Respondent requesting the file. The client also called on numerous occasions about the matter. In spite of all of the communication, the file was never returned and Respondent has never withdrawn her appearance.

This Court now concludes that, by her failure to timely communicate with her client and steadfast refusal to relinquish representation, Respondent did not act with reasonable diligence and promptness in her representation of her client in violation of Prof.Cond.R. 1.4. We further conclude that, by failing to respond to such requests by her client and successor counsel, Respondent improperly refused to turn over papers and property belonging to her client in violation of Prof.Cond.R. 1.16(d).

## COUNT V.

The final count in the complaint also centers on alleged delay by Respondent during the representation of her clients. On November 7, 1990, Respondent was paid $85.00 to represent a party in a child support matter. Respondent informed her client that the matter involved about three hours research which would be completed by the end of November. On December 17, 1990, Respondent told her client that the work would be completed by December 21, 1990. Hearing nothing, on January 2, 1991, the client sent a certified letter terminating employment and requested the return of her file. Ultimately, the client agreed to go to the office and retrieve her file. When she arrived, the client was unable to get someone to answer the door and made no further attempts to get her file.

This Court now concludes that by failing to timely prepare the work as promised, Respondent did not act with reasonable diligence in violation of Prof.Cond.R. 1.3. Additionally, by failing to surrender papers to which this client was entitled, Respondent

did not comply with a reasonable request for information from a client and, accordingly, violated Prof.Cond.R. 1.4(a).

## SANCTION

Our determination of sanction in attorney disciplinary proceedings involves consideration of the disciplinary offenses; actual or potential injury; the state of mind of the Respondent; the duty of this Court to preserve the integrity of the profession; the risk to the public, if any, in permitting the disciplined attorney to continue in the profession; and matters in mitigation, extenuation or aggravation which arise from the factual setting presented by the case. *In re Ortiz* (1992), Ind., 604 N.E.2d 602; *In re Cawley* (1992), Ind., 602 N.E.2d 1022; *In re Reed* (1992), Ind., 599 N.E.2d 601. This analysis reflects consideration of the individual, the client, the profession, and the public. Our goal is to fashion a sanction that adequately serves all interests.

Neglect is a serious concern that has been repeatedly addressed in disciplinary proceedings. See, *In re Levinson* (1992), Ind., 604 N.E.2d 599; *In re Henry* (1992), Ind., 599 N.E.2d 602. In assessing sanctions in these cases, this Court has consistently noted that the client, profession, and general public all suffer by reason of the lack of due diligence on the part of a lawyer. The present case is another example of the harm, actual and potential, that flows from misconduct of this nature.

The findings in this case demonstrate that Respondent's clients were required to consume needless time, effort, and expense to get Respondent to perform the acts she agreed to do. This Court does not believe that a client should have to call an attorney repeatedly to get an answer, employ new counsel to retrieve papers, or be subjected to months of procrastination in the completion of the simplest of tasks. Our disciplinary rules recognize that with the passage of time, clients risk the loss of rights, witnesses' memories fade, and evidence may disappear. It should be obvious that the profession and the public are not faithfully served by this type of unprofessional behavior.

Based on the above considerations, we have concluded that a period of suspension is warranted; however, our duty to the public, the profession, and the Respondent may not be completely served by merely imposing such sanction. Respondent appears to be an individual who could be recommended to reinstatement at a later date, but the misconduct found in this case represents a pattern of behavior and not isolated events. There is no guarantee that, once returning to the practice of law, the Respondent will not again adopt the form of practice which led to the misconduct found in this case. Our sanction, therefore, must address the potential for future misconduct and protect the public should Respondent decide to return to the practice of law.

It is therefore ordered that Respondent shall be suspended from the practice of law in the State of Indiana for a period of ninety (90) days effective June 18, 1993. Following the period of suspension, Respondent shall be automatically reinstated subject to a period of probation for two years under the following terms:

1) That prior to resuming the practice of law, the Respondent seek out and arrange for an attorney or attorneys to supervise her practice of law under the terms set forth in this order and advise the Indiana Supreme Court Disciplinary Commission of the name or names of attorneys who agree to supervise her practice.

2) That once resuming the practice of law, the Respondent shall employ office procedures that insure timely performance of professional duties, including, but not limited to, communication with clients, preparation of court documents, completion of research, and discovery practice.

3) That once resuming the practice of law, the Respondent shall prepare and submit to her supervising attorney a quarterly (three month) report detailing, without designation by name, clients, nature of representation, actions taken on behalf of each client, fees charged, pending work, scheduled hearings, and litigation status. Such reports shall be presented to the supervising attorney no later than ten (10) days following the end of the quarter.

4) That within twenty days after the end of the quarter, the supervising attorney shall review the report, counsel Respondent as deemed appropriate, and forward the report with comment to the Disciplinary Commission.

5) That Respondent shall permit the supervising attorney to review any file or other office record at any time to determine compliance with the terms of probation and that the supervising attorney shall review such records in the event the supervising attorney deems it necessary to monitor the Respondent during the period of probation.

6) That in the event the supervising attorney learns that Respondent has not complied with any term of probation or engaged in any form of professional misconduct, the supervising attorney shall immediately notify the Disciplinary Commission, who may, at their discretion, request this Court to suspend the Respondent *pendente lite* pending any hearing on the alleged violation of the terms of probation or misconduct. The order of suspension *pendente lite* may be granted without hearing.

7) That a violation of the terms of probation shall be grounds for disciplinary sanction deemed appropriate by this Court.

Costs of this proceeding are assessed against the Respondent.