**In the Matter of Jan R. BUKER.**

No. 47S00–9105–DI–370.

Supreme Court of Indiana.

June 22, 1993.

Martin E. Risacher, Church, Church, Hittle & Antrim, Noblesville, for respondent.

Charles M. Kidd, Indiana Supreme Court Disciplinary Comm'n, Indianapolis, for Indiana Supreme Court Disciplinary Comm'n.

PER CURIAM

The Respondent, Jan R. Buker, was charged in a Verified Complaint for Disciplinary Action with violating Rule 8.4(b) of the *Rules of Professional Conduct.* Thereafter, the Respondent and the Disciplinary Commission tendered for this Court's approval a "Statement of Circumstances and Conditional Agreement for Discipline" pursuant to Admission and Discipline Rule 23, Section 11(d). By Order of February 12, 1993, this Court approved the agreement and suspended the Respondent. This opinion more fully sets out the facts and circumstances of this case.

As set forth in the tendered agreement, Respondent is an attorney subject to the disciplinary jurisdiction of this Court. The agreed facts are that on or about October 30, 1990, Respondent was charged by Information in the Lawrence Circuit Court with one count of Child Molesting, a Class D Felony, one count of Child Molesting, a Class C Felony, and one count of Dissemination of Matter Harmful to Minors, a

Class A Misdemeanor. The charges arose out of an incident wherein Respondent rented and displayed sexually explicit videos to the complaining witness, a minor, in Respondent's home. During the course of the incident, Respondent caused the minor to undress and at one point fondled him. The victim later reported the incident to the Indiana State Police.

Respondent subsequently pleaded guilty to Class D Felony Child Molesting. The court dismissed the other charges. On September 10, 1991, the court sentenced Respondent to one and one-half years imprisonment, which Respondent served in the Owen County Jail.

■ This Court has specifically found that the crime of child molesting constitutes illegal activity which reflects adversely on an attorney's fitness to practice law. *Matter of Kern*, (1990), Ind., 551 N.E.2d 454; *Matter of Hudgins*, (1989), Ind., 540 N.E.2d 1200 (child molesting constituted illegal conduct involving moral turpitude in violation of Disciplinary Rule 1–102(A)(3) of the now-superseded *Code of Professional Responsibility*). It is clear, therefore, that the Respondent's conduct in this case reflects adversely on his fitness as a lawyer and thus represents professional misconduct in contravention of Rule 8.4(b).

Now that this Court has determined that the Respondent has engaged in misconduct, we must address the issue of proper sanction. In their agreement, the parties have indicated that the appropriate sanction for Respondent's misconduct is a suspension from the practice of law for two years, after which the Respondent will become eligible to petition for reinstatement pursuant to Admis.Disc.R. 23 Section 4. Whether he will actually be reinstated, of course, will depend on Respondent's ability to prove he meets the requirements contained in that rule.

■ Several factors must be considered in assessing an appropriate sanction: the specific acts of the Respondent, the nature of the violation, the impact on the public, this Court's responsibility to preserve the integrity of the bar, and the risk, if any, to the public if the Respondent is allowed to continue in the profession or to be reinstated at some future date. *Kern, supra,* at 456.

■ Mitigating factors must also be considered. *Matter of Cawley, Jr.*, (1992), Ind., 602 N.E.2d 1022. In this regard, we note that Respondent has successfully served his full period of incarceration. While incarcerated, he worked to benefit his fellow prisoners through the creation and maintenance of a chemical support group. He, at all times during his incarceration, fully cooperated with authorities. Respondent's professional record prior to this incident is unblemished.

Respondent apologized in open court to the victim and his family, and refrained from contesting any of the charges arising from the incident in order to minimize the emotional trauma to the victim and his family. Further, Respondent was a practicing alcoholic at the time of the incident, but has completed an alcohol treatment program and is currently an active member of Alcoholics Anonymous. He has not used alcohol since his treatment.

In their agreement, the parties submit that this case is similar to and should be controlled by *Kern, supra*. In *Kern*, this Court stated, in imposing a two year suspension from the practice of law, that, "[t]he offense of child molesting ... is not only a serious crime abhorred by our society and strictly proscribed by our criminal laws, but, by its very nature, it renders the perpetrator unfit to be an officer of the court and warrants the strictest sanction." *Id.* at 457. Although we recognize that not all criminally proscribed acts reflect adversely on a person's fitness as a lawyer, some acts may be so abhorrent as to indicate a lack of those characteristics relevant to law practice. See Comment to Rule 8.4 of the *Rules of Professional Conduct*. At the same time this Court is mindful of the remorse Respondent has shown for his actions, and the steps he has since taken to atone for those acts. These steps indicate that Respondent should, at a future date, have an opportunity to prove to the Disciplinary Commission and this Court that he

is rehabilitated and no longer a risk to the public.

Accordingly, this Court concludes that the tendered agreement should be approved and the agreed sanction imposed. It is, therefore, ordered that the Respondent, Jan R. Buker, is suspended from the Bar for a period of not less than two years, beginning October 7, 1992.

Costs of this proceeding are assessed against the Respondent.

DICKSON, J., dissents and would disbar.