**In the Matter of Robert GALLO.**

No. 45S00–9111–DI–931.

Supreme Court of Indiana.

Sept. 3, 1993.

No Appearance for respondent.

Charles M. Kidd, Staff Atty., Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

### PER CURIAM.

The Respondent, Robert Gallo, was charged by a one-count complaint for disciplinary action with violating Rule 8.4(c) of the *Rules of Professional Conduct for Attorneys at Law.* Pursuant to Ind.Admission and Discipline Rule 23(11)(b), this Court appointed a hearing officer who, after hearing, tendered his findings of fact, conclusions of law, and recommendations. Although Respondent had actual knowledge of the time, date, and place of hearing, he failed to appear.

Neither the Respondent nor the Disciplinary Commission challenged the tendered report, and these matters are now before this Court for final judgment. Where, as in this case, the hearing officer's findings are unchallenged, this Court accepts the findings with the understanding that the final determination rests with this Court. *Matter of Stover–Pock* (1992), Ind., 604 N.E.2d 606.

Respondent was admitted to the bar of this state on January 27, 1982 and is therefore subject to the disciplinary jurisdiction of this Court. On January 18, 1991, Sherry L. Schroeder ("Schroeder") informed Respondent of her desire to obtain the services of an Indianapolis attorney experienced in adoption matters to assist her in locating information about her biological parents. Schroeder never expressed a desire to retain Respondent. Respondent informed her that he would contact an Indianapolis attorney and act as a liaison between Schroeder and that attorney. He requested $200.00 as retainer for the attorney and stated that he would forward the money accordingly. Respondent later told Schroeder that Marilyn Ann Moores ("Moores") was the attorney.

On January 20, 1991, Schroeder gave Respondent $200.00. He told her he would give the money to Moores, and that he would not charge Schroeder a fee. However, Respondent never gave the money to Moores, and he failed to keep the funds separate from his own.

Thereafter, Schroeder contacted Respondent regularly. He informed her that Moores was working on the matter. In late February, 1991, Respondent told Schroeder that Moores required an additional $200.00 in fees and filing costs, and that Schroeder should forward the money to him. Schroeder refused. She contacted Indiana's State Board of Health and the Marion County probate court, learning that no case had been filed on her behalf. Becoming suspicious, Schroeder contacted Respondent, who reassured her that he would obtain the information she desired.

Schroeder later contacted Moores, who denied any knowledge of Schroeder, the case, or the money. Moores sent Respondent a letter on March 13, 1991, outlining her conversation with Schroeder and requesting a written explanation. Respondent continued to mislead Schroeder and told her that Moores had received the $200.00, but decided not to complete the case. He further told her that he had retrieved the $200.00 from Moores and that he would complete the case. Schroeder asked for return of the $200.00, and Respondent offered to return $150.00. On January 13, 1992, he returned Schroeder's

papers and $200.00. Respondent did nothing on behalf of Schroeder.

From the foregoing findings we conclude that Respondent violated Prof.Cond.R. 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.

 Now that we have found misconduct, this Court must address the issue of sanction. In doing so, we consider several factors: Respondent's specific acts; the nature of the violation; the impact on the public; this Court's duty to insure the integrity of the profession; the potential risk to the public if Respondent is allowed to continue in the profession or later be reinstated; and factors in mitigation or aggravation. *Matter of Buker* (1993), Ind., 615 N.E.2d 436, *Matter of Cawley, Jr.* (1992), Ind., 602 N.E.2d 1022.

Respondent's conduct reflects a planned pattern of intentional deceit and misrepresentation in an attempt to obtain funds to which he was not entitled. He subjected another attorney to needless suspicion and mistrust. Such actions reflect adversely on Respondent's professional fitness and trustworthiness and serve to damage the public's perception of the integrity of the bar.

We also note that this incident is Respondent's first brush with the disciplinary process and that he eventually returned all papers and money to Schroeder when requested to do so. In light of these considerations, we are persuaded that Respondent should have an opportunity to prove to the Disciplinary Commission and this Court that he is rehabilitated and no longer a risk to the public or the profession after a significant period of suspension. We note that this discipline comports with that recommended by the American Bar Association for conduct such as Respondent's.[1]

It is therefore ordered that the Respondent, Robert Gallo, is hereby suspended from the practice of law for a period of eighteen (18) months, beginning October 1, 1993, at the conclusion of which he will be eligible to seek reinstatement.

Costs of this proceeding are assessed against the Respondent.

GIVAN, J., dissents and would disbar.

---

1. See American Bar Association *Standards for Imposing Lawyer Sanctions,* Standard 4.62, stating that suspension is appropriate where a lawyer knowingly deceives a client, especially in situations where a lawyer misrepresents the nature or extent of services performed.