**In the Matter of Thomas C. MOORE, II.**

**No. 49S00–9304–DI–432.**

Supreme Court of Indiana.

Oct. 19, 1993.

Thomas C. Moore, II, pro se.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Atty., India-

napolis, for the Indiana Supreme Court Disciplinary Comm'n.

PER CURIAM.

The Respondent in this cause, Thomas C. Moore, II, was charged in a single count complaint for disciplinary action with violating Rules 1.2(a), 1.3, 1.4(a), and 8.1(b) of the *Rules of Professional Conduct for Attorneys at Law.* Pursuant to Ind.Admission and Discipline Rule 23(11)(d), the Respondent and the Disciplinary Commission reached an agreement and tendered for this Court's approval a "Statement of Circumstances and Conditional Agreement for Discipline." Respondent also tendered his affidavit pursuant to Admis.Disc.R. 23(17)(a). The agreed facts are as follow.

Respondent was admitted to the Bar of this state on October 10, 1986, and is therefore subject to the disciplinary jurisdiction of this Court. In September, 1991, Angela Foster–Pfeiffer ("Pfeiffer") paid Respondent $250.00 to represent her in a debt collection matter brought against her by Ford Motor Credit Corporation ("Ford"). Ford sought to collect from Pfeiffer after repossessing an automobile titled in her name and her former spouse's name. Pfeiffer believed she was not legally responsible for the debt since it became the sole obligation of her former spouse under the terms of their divorce settlement. After accepting the $250.00 fee, Respondent failed to accept from or return phone calls to Pfeiffer. He failed to inform Pfeiffer of the status of her case or to refund any portion of the fee. During the course of the Commission's investigation, Respondent failed to respond to an administrative subpoena for the contents of Pfeiffer's file.

The agreed facts clearly and convincingly establish that Respondent violated Prof. Cond.R. 1.2(a) and 1.3 in that he failed to pursue the matter for which he was retained; that he violated Prof.Cond.R. 1.4(a) by failing to respond to phone calls from his client; and that he violated Prof.

Cond.R. 8.1(b) by failing to respond to a lawful subpoena from the Commission.

In their agreement, the parties indicated that the appropriate sanction for Respondent's misconduct is a public reprimand.

■ We look at several factors when assessing an appropriate sanction. These factors include the Respondent's specific acts; the nature of the violation; the impact on the public; this Court's duty to ensure the integrity of the profession; the potential risk to the public if the Respondent is allowed to continue in the profession; and factors in mitigation and aggravation. *In re Gallo* (1993), Ind., 619 N.E.2d 921, *In re Cawley, Jr.* (1992), Ind., 602 N.E.2d 1022.

■ Respondent completely failed to provide legal services to Pfeiffer after accepting a cash retainer. Even if his inaction did not materially damage his client, it threatens to damage the public's perception of the integrity of the bar.

The agreed facts also present several mitigating circumstances. The parties agreed that Respondent's proper legal course would have been to file a post-dissolution contempt action against Pfeiffer's former spouse, as he bore the full obligation owed to Ford under the terms of the dissolution settlement. Respondent, although never instituting such an action, did make several telephone calls and write several letters on Pfeiffer's behalf to Ford and its collection agent prior to receiving a retainer from Pfeiffer.[1] Further, Respondent appeared to have no dishonest or selfish motive for his misconduct. He has shown genuine remorse for his actions. His record as an attorney is heretofore unblemished by disciplinary action.

These factors persuade us that the Respondent is not a threat to the public or the profession and that the agreed sanction, a public reprimand, is appropriate. We note that this measure comports with that recommended by the American Bar Association in cases of "a violation of a duty owed

---

1. The parties agreed that restitution should not be an issue in this matter because the value of work done by Respondent on behalf of Pfeiffer prior to receiving the retainer fee corresponded roughly with the amount of the retainer.

to the profession ... [where] there is little or no injury to the client ..." See American Bar Association *Standards for Imposing Lawyer Sanctions*, Standard 7.3. A public censure here will best serve to educate the Respondent without removing him from the profession and to inform the public and other members of the profession that this type of behavior is improper.

Accordingly, this Court concludes that the tendered agreement should be approved and the agreed sanction imposed. It is, therefore, ordered that the Respondent, Thomas C. Moore, II, is hereby reprimanded and admonished for his misconduct.

Costs of this proceeding are assessed against the Respondent.