**In the Matter of Verdelski V. MILLER.**

**No. 82S00–9504–DI–489.**

Supreme Court of Indiana.

April 4, 1997.

Ronald W. Bell, Evansville, for Respondent.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

The respondent in this case, Verdelski V. Miller, has been charged by the Disciplinary Commission of this Court with violating certain disciplinary rules contained in the *Rules of Professional Conduct for Attorneys at Law.* In accordance with Ind.Admission and Discipline Rule 23(11)(c), the parties have tendered for this Court's approval a conditional agreement for discipline. The parties agree and request that the respondent receive a six month suspension from the practice of law with automatic reinstatement, conditioned on the satisfaction of certain unpaid liens and medical expenses. We accept the agreement. The facts and circumstances of this case are more fully set forth in the opinion that follows.

### Count I

The parties agree and this Court now finds that the respondent was admitted to the practice of law in Indiana on June 9, 1989, and is subject to the professional disciplinary jurisdiction of this Court. The respondent was employed by the Vanderburgh County Prosecuting Attorney as a deputy prosecutor from June 19, 1989, through May 31, 1991. On March 16, 1991, a three year-old child was struck and killed by a hit and run driver. On March 21, 1991, the deceased child's custodian at the time of this death employed the respondent to handle any wrongful death claim that might exist on account of the

child's death. This client further understood that the respondent would speak on behalf of the family at any sentencing hearing of the driver who struck and killed the child. Thereafter, the driver was identified, arrested, and prosecuted by the Vanderburgh County Prosecuting Attorney's Office. On or about July 31, 1991, (after the respondent left the prosecuting attorney's office) the driver was sentenced in the criminal case.

██ In light of the above-noted findings of fact, the parties further agree that such conduct by the respondent violated Ind.Professional Conduct Rule 1.8(k).[1] Accordingly, this Court now finds that, by accepting employment to represent the custodian of the deceased child in this case while serving as a deputy prosecuting attorney, the respondent violated the *Rules of Professional Conduct* as agreed by the parties.

### Count II

Under a second count of the complaint, the Supreme Court Disciplinary Commission and the respondent agree and we, accordingly, find that on April 4, 1992, a husband and wife were injured in an automobile accident. They employed the respondent to represent them in their claims for compensation arising from the accident. Previously, the respondent had represented the son of the wife on criminal charges of criminal recklessness, battery and murder; respondent was still owed a fee of $9,200.00 for such prior legal services. With regard to representation in the personal injury claims arising out of the automobile accident, the husband and wife agreed to a one-third contingency fee arrangement, but such agreement was never reduced to writing. Respondent believed that the balance still owing on the criminal representation for the wife's son would be deducted from the wife's personal injury recovery.

The respondent settled the husband's claim for $10,000.00. The settlement check was endorsed by the husband and wife and the respondent; respondent deposited the

---

1. *Prof.Cond.R. 1.8(k)* provides that "a part-time prosecutor or deputy prosecutor authorized by statute to otherwise engage in the practice of law shall refrain from representing a private client in any matter wherein exists an issue upon which said prosecutor has statutory prosecutorial authority or responsibilities."

full amount into an "escrow" account in his name. Respondent deducted a one-third attorney fee of $3,333.33 and a subrogation lien of $2,261.33 and issued a check from his escrow account to the husband for $4,405.34 on October 26, 1992. A disbursement statement listing these amounts was provided to the husband.

Thereafter, the respondent settled the wife's claim for $10,000.00. The settlement check was again endorsed by the husband and wife and the respondent. On January 7, 1993, the wife's settlement check was deposited into the respondent's "law office" account (which was not designated as an escrow or trust account). On January 21, 1993, the respondent issued a check to the wife drawn on the office account in the amount of $2,500.00. No disbursement statement was issued. Respondent retained $4,166.67 to satisfy the wife's outstanding accident-related medical expenses and a subrogation lien. The remaining $3,333.33 was consistent with the one-third contingency fee arrangement. Any money from the retained amount that was not used for medical expenses or the subrogation lien was to be paid to the balance owed for representation of the wife's son in the prior criminal case.

Respondent did not pay the subrogation liens or the medical expenses with the money he retained from the settlement. Instead, he used that money, a total of $6,428.00, in settlement of his unpaid fee balance for his representation of the wife's son. Thereafter, the respondent did not maintain a sufficient balance in his escrow account to pay the subrogation lien on the husband's behalf and did not maintain a sufficient balance in his law office account to pay the subrogation lien or medical expenses on the wife's behalf.

After the settlements, relying on information that was inaccurate, the respondent told husband and wife that the liens had been paid.

■ The parties agree that the respondent violated Prof.Cond.R. 1.5(c), 1.15(a), 1.15(b), 8.4(b), and 8.4(c) [2] of the *Rules of Professional Conduct*. In light of the above-noted agreed findings of fact, we further find that the respondent violated the *Rules of Professional Conduct* as agreed by the parties. Respondent's failure to provide a written agreement of his contingency fee arrangement with husband and wife constituted a violation of *Prof.Cond.R. 1.5(c)*. The failure to segregate the funds of the wife constituted a violation of *Prof.Cond.R. 1.15(a)* and the diversion of the liens to satisfy a prior claim for legal services instead of the payment of the liens constituted a violation of *Prof. Cond.R. 1.5(b)*. Additionally, the unauthorized disbursement of husband's and wife's funds to satisfy a prior obligation owed to the respondent constituted an illegal act that reflects adversely on respondent's honesty, to-wit: conversion, in violation of *Prof.Cond.R. 8.4(b)*. Lastly, by directing money held for the payment of liens contrary to the settlement statement provided to the husband and contrary to the understanding of the wife in the absence of a settlement statement, respondent engaged in misrepresentation, in violation of *Prof.Cond.R. 8.4(c)*.

### Discipline

■ The parties agree that the appropriate professional discipline for the misconduct found in this case is the suspension from the practice of law for a period of six months with automatic reinstatement, conditioned on the repayment of the money held for the

---

2. *Prof.Cond.R. 1.5(c)* permits the use of contingent fees in certain cases. Additionally, this rule provides that "a contingent fee agreement shall be in writing and shall state the method by which the fee is to be calculated." "Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement . . .".

*Prof.Cond.R. 1.15(a)* provides that "a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property."

*Prof.Cond.R. 1.15(b)* provides that "a lawyer shall promptly notify the client of the receipt of

funds belonging to the client and, upon request, shall promptly render an accounting to the client."

*Prof.Cond.R. 8.4(b)* provides that "it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

*Prof.Cond.R. 8.4(c)* provides that "it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

**1120**

payment of liens and medical expenses. In the determination of whether an agreed discipline is appropriate, this Court examines the surrounding circumstances, the respondent's state of mind, the duty violated, actual or potential injury to the client, the duty of this court to preserve the integrity of the profession, the risk to the public, and any mitigating or aggravating factors. *In re Conway,* 658 N.E.2d 592 (Ind.1995); *In re Ragland,* 647 N.E.2d 319 (Ind.1995). The analysis includes an examination of the nature and entire course of respondent's conduct. *In re Grotrian,* 626 N.E.2d 807 (Ind. 1994).

■ As mitigation, the Disciplinary Commission and the respondent agree that he has not been the subject of a disciplinary proceeding before this case. Respondent acknowledges that he was wrong in claiming a lien for the unpaid balance of his fee. Additionally, respondent has agreed to return the money held for the liens and expenses to husband and wife or pay such sum to the lienholder on their behalf. We further note that the fact that respondent has chosen to dispose of this matter by agreement constitutes mitigation.

In examining the entire course of respondent's conduct, it appears that respondent's acts can be attributed, in part, to inexperience and the absence of guidance. Respondent should have known that he engaged in a conflict by accepting representation in a case related to a function of the prosecutor's office, should have known that contingency agreements had to be reduced to writing, and should have known that he could not perfect a lien on clients' proceeds contrary to his clients' expectations. He didn't know what should be done and did not seek out guidance. This case demonstrates the difficulties that can ensue from the absence of a clear understanding of fee arrangements, particularly when it involves a continuing course of representation. Respondent did not properly attend to required details. However, the agreement does not suggest a motivation to obtain funds that were not owed.

Although respondent's acts, in the abstract, could suggest serious misconduct warranting a more severe disciplinary sanction, our examination of the entire course of conduct and consideration of the mitigating circumstances convinces us that the agreed discipline is sufficient under the circumstances presented in this case.

It is therefore ordered that the respondent, Verdelski V. Miller, is hereby suspended from the practice of law for a period of six months beginning May 9, 1997. Upon completion of this period of suspension, the respondent shall be automatically reinstated to the practice of law in the state of Indiana, subject to the provisions of Admis.Disc.R. 23(4)(c), provided the respondent has repaid his clients or paid to the lienholder and medical providers on behalf of his clients the sum of $6,428.00 and provided further that the Disciplinary Commission of this Court certifies that the repayment has been made.

The Clerk of this Court is directed to give notice of this action pursuant to Admis.Disc.R. 23(3)(d) and to provide to the Clerk of the United States Court of Appeals for the Seventh Circuit, to the Clerk of each of the Federal District Courts in this state, and to the Clerk of the United States Bankruptcy Court in this state the respondent's last known address as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.