**In the Matter of Ryan W. SNYDER, Respondent.**

**No. 49S00–0904–DI–172.**

Supreme Court of Indiana.

Sept. 29, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** On May 6, 2009, Respondent pled guilty to Child Solicitation, a class C felony. *See* Ind.Code § 35–42–4–6. Respondent was sentenced to two years imprisonment, followed by three years of probation. The parties cite no facts in aggravation or mitigation. Pursuant to Admission and Discipline Rule 23(11.1)(a), the Court entered an order of interim suspension effective June 1, 2009.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The parties propose that the appropriate discipline is suspension for at least 24 months without automatic reinstatement effective June 1, 2009 (the effective date of his interim suspension). In addition, Respondent would in ineligible to petition for reinstatement until he completes his prison term and his criminal probation.

Sexual misconduct directed at children "is not only a serious crime abhorred by our society and strictly proscribed by our criminal laws, but, by its very nature, it renders the perpetrator unfit to be an officer of the Court...." *Matter of Kern,* 551 N.E.2d 454, 456–57 (Ind.1990). An attorney seeking reinstatement must prove by clear and convincing evidence his fitness to reenter the practice of law, including that his attitude is one of genuine remorse, his conduct since the discipline was imposed has been exemplary and above reproach, he has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself in conformity with them, and he can safely be recommended to the legal profession, the courts and the public as a person fit to act in matters of trust and confidence. *See* Admis. Disc. R. 23(4)(b). The fitness to practice law of an attorney who petitions for reinstatement "must be considered in light of the offenses for which the petitioner was disciplined;" thus, the more serious the misconduct, "the greater [the] burden of proof to overcome the implication of unfitness which is conjured by the misconduct." *Matter of Gutman,* 599 N.E.2d 604, 608 (Ind.1992).

With the above considerations in mind, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of at least 24 months, without automatic reinstatement, beginning June 1, 2009.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, or at the time Respondent completes his prison term and his criminal probation, whichever is later, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur, except DICKSON, J., who dissents, believing the agreed punishment is too lenient for the circumstances.