**In the Matter of Thomas C. MOORE, II, Respondent.**

No. 49S00–1007–DI–390.

Supreme Court of Indiana.

Jan. 10, 2011.

*PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable James B. Osborn, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Procedural background.** The Commission filed a complaint in three counts against Respondent on July 21, 2010. Respondent was served by certified mail and has not appeared or responded. Accordingly, the Commission filed an "Affidavit and Application for Judgment on the Complaint" on September 14, 2010, and the hearing officer took the facts alleged in the complaint as true. *See* Admis. Disc. R. 23(14)(c). The hearing officer filed his report on October 1, 2010. Neither party filed a petition for review of the hearing officer's report. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy,* 726 N.E.2d 1257, 1258 (Ind.2000).

**Misconduct.** The first two counts of the complaint follow the same fact pattern: Respondent was retained to represent a client in a divorce proceeding. He then neglected the case and did not respond to the client's requests for information. When the client filed a grievance against

him, he failed to cooperate with the Commission until ordered to show cause why he should not be suspended. *See* Admis. Disc. R. 23(10)(f). In Count 2, he cooperated with the Commission and refunded the fee the client had paid him only after being suspended for noncooperation.

In Count 3, Respondent was retained in 2007 by a client in a paternity matter to recover about $234 from the child's father. Respondent communicated with the father's lawyer but had recovered nothing as of March 2010.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(2): Failure to reasonably consult with a client about the means by which the client's objectives are to be accomplished.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with a client's reasonable requests for information.

1.16(d): Failure to refund an unearned fee upon termination of representation.

8.1(b): Failure to respond in a timely manner to the Commission's demands for information.

**Disciplinary history:** The Court finds Respondent's disciplinary history, summarized below, to be an aggravating circumstance.

*Matter of Moore,* 621 N.E.2d 1100 (Ind. 1993). Public reprimand for failure to provide legal services after accepting cash retainer.

49S00–0404–DI–162. Private Administrative Admonition entered 4/16/04.

49S00–0504–DI–161. Private Administrative Admonition entered 4/14/05.

Dues nonpayment suspension, 5/22/07; reinstated 6/8/07.

49S00–0810–DI–569: Show cause petition filed 10/22/08. Dismissed with costs 12/5/08.

49S00–0904–DI–161: Show cause petition filed 4/17/09. Suspended for non-cooperation 7/24/09. Reinstated on certificate of compliance 1/26/10.

CLE noncompliance and dues nonpayment suspension, 6/8/10. (Still in effect)

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 90 days, without automatic reinstatement, effective as of the date of this order.** Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.