**In the Matter of Alan Roy MILLER.**

No. 22S00–0107–DI–319.

Supreme Court of Indiana.

Dec. 11, 2001.

No appearance for the Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

By failing to answer the verified complaint for disciplinary action filed against him, the respondent, Alan Roy Miller, effectively has admitted to two counts of client neglect. Because of his neglect, we find that he should be suspended from the practice of law.

The Disciplinary Commission filed a verified complaint for disciplinary action against the respondent on July 9, 2001, and served a summons and complaint upon the respondent at his addresses as reflected in the Roll of Attorneys. Pursuant to Ind.Admission and Discipline Rule 23(14), as amended effective January 1, 2001, a respondent to a disciplinary complaint shall answer the complaint within 30 days after service of the summons and complaint (unless additional time to respond has been procured by motion); otherwise, the allegations in the complaint shall be taken as true.[1] Pursuant to that rule, the Commission has now filed its *Verified Petition for Judgment on the Complaint,* therein stating the respondent has not answered its complaint and summons. Since no hearing officer has yet been appointed to hear this matter and because no appearance has been filed by

1. Indiana Admission and Discipline Rule 23(14) provides, in relevant part:

   (a) [ ... ] The case shall be heard on the complaint and an answer which shall be filed by the respondent within thirty (30) days after service of the summons and complaint, or such additional time as may be allowed upon written application to the hearing officer that sets forth good cause.... An answer shall assert any legal defense.

   ...

   (b) The answer shall admit or controvert the averments set forth in the complaint by specifically denying designated averments or paragraphs or generally denying all averments except such designated averments or paragraphs as the respondent expressly admits. If the respondent lacks knowledge or information sufficient to form a belief as to the truth of an averment, he or she shall so state and his statement shall be considered a denial. If in good faith the respondent intends to deny only a part of an averment, he or she shall specify so much of it as is true and material and deny the remainder. All denials shall fairly meet the substance of the averments denied. Averments in a complaint are admitted when not denied in the answer. The answer may assert any legal defense.

   ...

   (c) When a respondent has failed to answer a complaint as required by this section and that fact is made to appear by affidavit and an application for judgment on the complaint, the allegations set forth in the complaint shall be taken as true. If a respondent who has failed to answer has appeared in the action, he or she (or, if appearing by counsel, his or her counsel) shall be served with written notice of the application for judgment on the complaint at least seven (7) days prior to the hearing on such application. Upon application for judgment on the complaint and in the absence of any answer by the respondent, the hearing officer shall take the facts alleged in the complaint as true and promptly tender a report to the Supreme Court in conformity with subsection (h). If a hearing officer has not been appointed by the time an application for judgment on the complaint is filed and no appearance has been filed by or on behalf of the respondent, the Supreme Court shall act directly on the application for judgment on the complaint.

or on behalf of the respondent, the Commission's petition is now before this Court. We find that the Commission's petition should be granted.

Accordingly, taking the allegations in Count I of the complaint as true, we now find that on April 6, 1999, the respondent entered an appearance on behalf of a defendant charged with armed robbery. The defendant was not able to post bail and remained incarcerated. During this time, the defendant was unable to contact the respondent by telephone because the respondent's office did not accept collect calls. The respondent did not respond to the defendant's letters and never visited him in jail or during the defendant's 90 day stay in a state hospital. The defendant met the respondent for the first time in February 2000 during the defendant's second court appearance. The respondent had no explanation for the defendant why he had not answered his letters, but promised to listen to the defendant's taped statement and visit him in jail in two weeks. The visit never occurred. The defendant ultimately pleaded guilty to robbery and burglary and was sentenced to nine years incarceration, with four years of that time suspended. While investigating the defendant's grievance against the respondent, pursuant to Admis.Disc.R. 23(10)(a)(2) the Commission sent at least four demands for response to the respondent at his addresses as reflected on the Roll of Attorneys. The respondent never responded.

We find that these facts establish that the respondent violated Ind.Professional Conduct Rule 1.3 by failing to act with reasonable diligence and promptness in representing the defendant. He violated Prof.Cond.R. 1.4 by failing to keep the defendant reasonably informed about the status of the case, failing to respond to his requests for information, and by failing to explain the matter to him to the extent reasonably necessary to permit him to make informed decisions regarding the representation. By failing to respond to the Commission's lawful demands for information during its investigation, the respondent violated Prof.Cond.R. 8.1(b).

Pursuant to Count II of the verified complaint, we find that on October 29, 2000, the respondent, while serving as a public defender, entered an appearance on behalf of a defendant charged with residential entry. The defendant was unable to contact the respondent by telephone or otherwise prior to a hearing on June 6, 2000. During this time, the respondent failed to appear at the defendant's scheduled pre-trial hearing. On June 6, 2000, the defendant pleaded guilty as charged for a time-served sentence. During its investigation of the defendant's grievance, the respondent failed to respond to at least three demands for information tendered to him by the Commission.

By his actions in Count II, we find that the respondent violated Prof.Cond.R. 1.3, 1.4, and 8.1(b).

Having found misconduct, we now turn to the issue of proper sanction. Precedent indicates that the appropriate discipline for relatively isolated instances of client neglect, coupled with a failure to respond to the Commission, is a relatively short period of suspension. *See, e.g., Matter of Jones*, 737 N.E.2d 1158 (Ind.2000) (30 days for one count of neglect, lack of adequate communication, failure to respond to Commission); *Matter of Corbin*, 716 N.E.2d 429 (Ind.1999) (failure to seek final hearing in dissolution matter, failure to pursue client's tort claim, failure to respond to client telephone messages and advise clients regarding status of litigation, failure to provide clients with case materials upon termination of representation, and failure to respond to disciplinary investiga-

tion warranted 90 day suspension). However, in this case we are troubled by the respondent's complete lack of action, both with regard to the two criminal defendants as well as during the Commission's investigation of these matters. The respondent has even failed to acknowledge in any way the Commission's verified complaint. The respondent's complete lack of involvement leads us to conclude that, in the interests of protecting the public and the profession, he should be required to demonstrate his fitness before being permitted to resume his status as an attorney in this state.[2]

Accordingly, we order that the respondent, Alan Roy Miller, be suspended from the practice of law in this state, effective January 1, 2002, for a period of not fewer than sixty (60) days, at the conclusion of which his reinstatement shall be conditioned upon his satisfaction of the requirements of reinstatement pursuant to Admis.Disc.R. 23(4).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

---

**2.** We imposed a similar discipline in another case where a lawyer's chronic neglect of client matters and this Court's resolution of that misconduct raised concerns about the lawyer's fitness to continue in the practice of law. *Matter of Cushing,* 663 N.E.2d 776 (Ind. 1996), *reinstatement granted* 693 N.E.2d 530

---

(Ind.1998) (suspension for 30 days without automatic reinstatement for neglect, lack of adequate communication, and failure to protect client's interests upon termination of representation; exacerbated by failure to attend resultant disciplinary hearing).