**In the Matter of Randall J. NEEB.**

**No. 49S00–0312–DI–594.**

Supreme Court of Indiana.

June 24, 2004.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action,* we find that the respondent engaged in attorney misconduct.

**Facts:** A client hired the respondent to regain custody of her two children. The respondent charged the client a $1,000 "non-refundable" retainer as part of his "Hourly Fee Agreement for Legal Representation". The matter was set for hearing, but respondent did not notify the client. The client made numerous attempts to contact the respondent regarding her case, but he failed to return her telephone calls. When the client went to the respondent's office to speak to him, she learned he had moved without notifying her. As a result, the client hired a new attorney. The respondent's billings to the client showed that the respondent had earned no more than $866.80 of the retainer and that approximately $200 of this was for work done after the client hired new counsel. The respondent did not refund any of the retainer to the client.

The respondent also failed to respond to the Commission's summons and verified complaint and did not participate in the disciplinary proceeding.

**Violations:** The respondent violated Ind. Professional Conduct Rule 1.4(a), which requires an attorney to keep clients reasonably informed about the status of matters and promptly comply with reasonable requests for information; Prof.Cond.R. 1.5(a), which prohibits an attorney from charging an unreasonable fee; and Prof. Cond.R. 1.16(d), which requires an attorney, upon termination of representation, to take steps to the extent reasonably practicable to protect a client's interests, including refunding any advance payment of fee that has not been earned.

Sanction for relatively isolated instances of client neglect, coupled with a failure to respond to the Commission is normally a relatively short period of suspension. *See, e.g., Matter of Jones,* 737 N.E.2d 1158 (Ind.2000) (30 day suspension). In the present case, however, the respondent neglected his client, ignored the Commission, and failed to participate in the disciplinary process. Therefore, a more severe sanction is warranted. *See, e.g. Matter of Miller,* 759 N.E.2d 209 (Ind.2001) (60 day suspension without automatic reinstatement for two counts of client neglect and failure to participate in disciplinary process).

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of not fewer than sixty (60) days, effective August 7, 2004, and at the conclusion of which the respondent may petition this Court for reinstatement to the practice of law in accordance with Ind.Admission and Discipline Rule 23(4).

Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Hon. Kevin Barton, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

All Justices concur.