**In the Matter of Beau J. WHITE, Respondent.**

**No. 27S00–1109–DI–582.**

Supreme Court of Indiana.

March 13, 2012.

*PUBLISHED ORDER FINDING MIS-CONDUCT AND IMPOSING DIS-CIPLINE*

Upon review of the report of the hearing officer, the Honorable Brian D. Hutchinson, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on September 28, 2011. Respondent was served by certified mail on September 30, 2011, and has not appeared or responded. Accordingly, the Commission filed an Affidavit and Application for Judgment on the Complaint" on November 14, 2011, and the hearing officer took the facts alleged in the complaint as true. *See* Admis. Disc. R. 23(14)(c).

Neither party filed a petition for review of the hearing officer's report. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." *Matter of Levy*, 726 N.E.2d 1257, 1258 (Ind.2000).

In December 2009, a client hired Respondent to represent him in a paternity action for $400. Respondent did not appear at the paternity hearing. The trial court entered an order establishing paternity with the provision that the client could file a motion to reconsider within 30 days in light of Respondent's absence. Respondent did not respond to the client's repeated calls and emails and did not advise him of the 30–day period to file a motion to reconsider. No such motion was filed. After the client filed a grievance with the Commission, Respondent expressed a willingness to refund $400 to the client, but he has not done so.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.2(a): Failure to abide by a client's decisions concerning the objectives of representation.

1.3: Failure to act with reasonable diligence and promptness.

1.4(a): Failure to keep a client reasonably informed about the status of a matter and respond promptly to reasonable requests for information.

1.16(d): Failure to refund an unearned fee upon termination of representation.

**Discipline:** For neglect of a single case, it is not uncommon for an attorney to receive a private or public reprimand. However, Respondent's failure to respond in any way the Commission's verified complaint leads us to conclude that, in the interests of protecting the public and the profession, he should be required to demonstrate his fitness before being permitted to resume his status as an attorney in this state. *See Matter of Miller*, 759 N.E.2d 209, 211–12 (Ind.2001).

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 60 days, without automatic reinstatement, beginning April 20, 2012.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.